## 1131. STRICKLAND *v.* THE STATE.

1. In the absence of a request in writing, the trial judge is not required to instruct the jury upon the subject of the impeachment of witnesses. And it is not error to disregard an oral request, preferred by counsel, that the jury be charged upon that subject.

2. The evidence authorized a conviction of the defendant, and it was not error to refuse a new trial.

Indictment for gaming, from Fayette superior court—Judge Reagan. March 18, 1908.

Submitted June 9,—Decided June 18, 1908.

*J. W. Shell, J. W. Wise,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general, B. L. Tisinger,* contra.

RUSSELL, J. 1. The only question raised by the motion for new trial (except the general grounds) is that "the court erred in failing to charge the jury on the law of impeachment, after the same had been requested by the defendant, though not in writing." Nothing is better settled than that it is not error for the court, in the absence of a request to instruct the jury upon the law in reference to the impeachment of witnesses, to omit all reference to the subject. And it has been held more than once by this court that requests to charge, upon the refusal of which error may be predicated, are confined to requests in writing. Error can not be assigned upon the refusal to give a request which is presented orally.

2. In this case the State introduced only one witness. His testimony established every element of the defendant's guilt. As the jury are the sole judges of the credibility of the witness, it is not for us to say that the verdict of guilty is unauthorized, though he may appear to have been overwhelmingly impeached. We have no jurisdiction to so declare. And for the same reason the judge did not err in refusing to set aside the verdict of the jury. It is true, the defendant introduced witnesses who testified that there was no gambling at the time and place to which the State's witness had testified, and twelve witnesses swore that the character of the State's only witness was so bad that they would not believe him upon his oath. But the jury could believe the testimony of the State's witness if they saw fit, in spite of the attempted impeachment. In fact, it is possible to be convinced that a witness who ordinarily, on account of his notoriously disreputable character, might not be believed is in the particular case stating the truth of

the transaction under investigation. The jury in this case saw and heard the witness for the State, and, though they may have believed that the witnesses who testified that they would not believe him on oath were sincere in that opinion and entitled to the highest credit, and though they may have been satisfied by the testimony of these witnesses that the character of the State's only witness was generally bad, we can not say, nor was the trial judge compelled to hold, that the witness swore falsely when he testified to a state of facts which, if true, proved the guilt of the defendant beyond any doubt whatever.            *Judgment affirmed.*