### 2179.   MOORE *v.* THE STATE.

1. Where the defendant in a criminal case asks the court to postpone the trial for a later day during the term, in order that he may have time to subpœna his witnesses and to procure their attendance, the court is authorized to require him to state the names of the witnesses, their places of residence, and the materiality of their expected testimony, so that proper and enlightened discretion may be exercised in passing on the request for postponement.  The fact that the defendant is thus compelled to disclose to the State's counsel the names of his witnesses and the substance of their testimony is no reason why the jury is not entitled to this information.  This disclosure is required to be made in every valid motion for a continuance.

2. On the same day that a bill of indictment was returned against the defendant for the crime of murder, the court appointed counsel to defend him, and on that day counsel asked the court to postpone the trial until the next day, in order to give them an opportunity to have the

witnesses for the defendant subpœnaed and to secure their attendance. The court granted the request. On the following day counsel moved for a continuance, on the ground that they had not had sufficient time to prepare the defense, and because of the absence of one of the defendant's witnesses, who lived in another county. The expected testimony of this absent witness was negative in character and immaterial. The killing was not denied, and there seems to have been nothing intricate or difficult about the facts, and no reason for further preparation. No abuse of discretion is manifest in the refusal to grant a continuance.

3. The failure of the court to charge the jury that it was their duty to reconcile conflicting testimony, if possible, without imputing perjury to any witness, or to charge the law relating to the impeachment of witnesses, without a timely written request, was not reversible error.

4. The request to charge, in so far as it was pertinent to the defense, was fully covered by the general charge.

5. The verdict for voluntary manslaughter is supported by the evidence, and no legal error appears in the conduct of the trial.

Conviction of manslaughter; from Colquitt superior court— Judge Edwards. September 10, 1909.

Submitted October 25,—Decided December 4, 1909.

*W. F. Way, E. L. Bryan,* for plaintiff in error.

*W. E. Thomas, solicitor-general,* contra.

HILL, C. J. Moore was indicted for murder, and was convicted of voluntary manslaughter. His motion for a new trial was over ruled. The motion for a new trial embraced the general grounds and several special grounds, the substance of which is as follows: (1) The defendant was unable to employ counsel, and the court appointed counsel to represent him. On the day when the indictment was returned into court the attorneys appointed for the defense requested the court to postpone the case until the following day, to enable them to have subpœnas issued and served for the defendant's witnesses, two of whom resided out of the county. Before the judge would allow the subpœnas to be issued or would grant the request for postponement, he required the defendant, over the protest of the defendant's counsel, to state the names of the witnesses, their places of residence, and the materiality of their expected testimony. After hearing the testimony of the defendant, the court directed that subpœnas issue for all the witnesses in his behalf except the two who resided beyond the limits of the county, and refused to allow subpœnas for these two, holding that their testimony was immaterial, and postponed the trial until the next day, in compliance with the request of counsel. Defendant insists that the ruling compelling him to disclose the names of his wit-

nesses, their residences, and their expected testimony, as a condition precedent to allowing the clerk to issue subpœnas or the sheriff to serve them, was prejudicial error, and that the refusal to allow subpœnas to be issued for the two witnesses who resided out of the county was error, in that the court had no right at that stage of the case to pass upon the materiality of the evidence of these witnesses. (2) On the next day the defendant moved for a continuance, for the reason that he was not ready to go to trial, because his counsel had not had sufficient time in which to prepare his case, and because he desired to procure the attendance of Lath Mallard, who resided in Worth county, Georgia, as he would be able to prove by said Mallard that he never made any threats against the deceased to George Kendall, or expressed to Kendall his intention of taking the life of the deceased. Mallard was one of the non-resident witnesses for whom the court had on the previous day refused to allow a subpœna to be issued, on the ground that his testimony was immaterial. In support of this application for a continuance counsel for the defendant stated to the court that they had not had the necessary time to prepare the case, and that each of them felt that he needed more preparation before he could do the case justice. The court overruled the motion for a continuance, and passed the case until four o'clock in the afternoon of the same day, at which time it was again called for trial, and the defendant renewed the motion for a continuance; the court overruled the motion, and this ruling is assigned as error. (3) Error is assigned on the failure of the court to charge the law with reference to conflicting testimony, and the duty of the jury to reconcile the same without imputing perjury to any of the witnesses; also on the refusal to charge the law of impeachment. (4) It is insisted that the court erred in refusing a written request to charge as follows: "The court further charges you that if you believe, from the evidence, that deceased made an attack upon the wife of the defendant and committed a battery upon her (and in this connection the court charges you that the mere laying of a hand upon the person of another against their will constitutes a battery), then and in that event the defendant would be justified in using sufficient force to repel the attack upon his wife; and if you believe that deceased did make an attack upon defendant's wife and was remonstrated with by the defendant, and the deceased thereupon became angry and com-

menced cursing defendant, and attempted to draw, and did draw, a deadly weapon, and his actions were such as to arouse the fears of a reasonable man, then the defendant would be justified in using so much force as might be necessary to protect himself, even to the taking of the life of the deceased."

1. The defendant in a criminal case is not required to have the permission of the judge in order to have his witnesses subpœnaed and served. It is the duty of the clerk to issue subpœnas, and the duty of the sheriff to serve them, on the application of the defendant, without any order of the court in the premises, and a failure of either official to perform such duty would subject him to a suit for damages and a rule for contempt. In this case, therefore, it was not incumbent on the defendant or his counsel to apply to the court for permission to have the subpœnas in behalf of the defendant issued and served. But when the defendant's counsel did so, and asked the court to postpone the trial of the case until the next day, in order that time might be given to subpœna the witnesses and secure their attendance, the court was authorized to require him to state the names of the witnesses, their places of residence, and the materiality of their expected testimony, so that the court might exercise proper and enlightened discretion in passing on the request to postpone. The fact that the defendant, in order to secure the postponement, was compelled to thus disclose to the State the names of his witnesses, their residences, and their expected testimony, furnished no reason why the court did not have the right to ask for this information. Such disclosure is required to be made in every valid motion for a continuance, and in principle there is no difference when the request is made, not for a continuance, but for a postponement of the trial. No harm was done to the defendant by the refusal of the court to allow the witnesses for the defendant to be subpœnaed and served before their names, places of residence, and the materiality of their expected testimony had been stated. The court ordered subpœnas for all the witnesses except the two non-resident witnesses, and continued the case until next day in compliance with the request of defendant's counsel. The refusal of the court to allow subpœnas issued for the two non-resident witnesses, on the ground that their testimony was immaterial, can not be intelligently considered by this court, in view of the fact that the exception contains no statement of what was ex-

pected to be proved by these two witnesses. While the action of the court can not be fully approved, in view of the fact that the de-- fendant had the right to have his witnesses subpœnaed without the consent of the court, yet, in the absence of any statement of what was expected to be shown by these absent witnesses, this court must assume that the ruling of the trial court, that their testimony was immaterial, was correct, and that, therefore, the defendant was not injured by the refusal of the court to allow the subpœnas to be issued and served.

2. We can not say that there was any manifest abuse of discretion in the refusal of the court to continue the case on the ground that the defendant's counsel had not had sufficient time in which to prepare his defense, and because of the absent witness who resided in another county. It appears that the killing was not denied; that all the witnesses who were present and witnessed the homicide were present in court, and that the absent witness who lived in Worth county was expected to give testimony of a negative character in reference to an alleged threat which the defendant had made against the deceased. No reason is given by counsel tending to show that any further or additional preparation was necessary. No statement was made that there was any difficult question of law involved, or any intricate question of fact. In the opinion of the trial court the material witnesses were present, and counsel were presumed to know the law applicable to the facts, and the court, when the motion was made in the morning, did give further time for preparation until the afternoon, when the case was again called and the defendant put on trial. So far as the absent witness was concerned, his expected testimony was apparently of a negative character, and in view of the fact, as shown by the brief of the evidence, that the threat against the deceased, which the defendant apprehended would be proved against him by one Kendall, was not in fact shown by the State, the testimony of the absent witness would have been immaterial and inadmissible.

3. In the absence of any request made to the court to instruct the jury that it was their duty to reconcile the conflicting testimony without imputing perjury to any one, or to charge the law relating to the subject of impeachment of witnesses, there was no reversible error in neglecting to do so. *Strickland* v. *State,* 4 *Ga. App.* 445 (61 S. E. 841).

4. The written request to charge was not adjusted to the defense. The defendant did not claim that he shot the deceased to repel any attack which the deceased was making upon his (the defendant's) wife. His defense was that he shot the defendant in his own defense. The law of justifiable homicide in self-defense was fully given to the jury by the court; and in so far as the written request was pertinent to the case, it was fully covered by the general charge upon the subject. For these reasons there was no error in the refusal of the court to give the written instructions as requested.

5. The verdict of voluntary manslaughter is supported by the evidence, and no material error appears in the record.

*Judgment affirmed.*