## 2233. BEATY *v.* THE STATE.

No material error of law appears, and the verdict is supported by the evidence.

Accusation of sale of liquor; from Cobb superior court—Judge Morris. November 6, 1909.

Argued November 30, 1909.—Decided January 21, 1910.

*Gober & Griffin,* for plaintiff in error.

*J. P. Brooke, solicitor-general,* contra.

HILL, C. J. Garfield Beaty was convicted of selling whisky in Cobb county. The one witness to the criminal act testified in substance as follows: The defendant lived at Vinings Station and the witness at Smyrna, both places being in Cobb county. Sometime this year, 1909, probably in May, witness saw the defendant at Smyrna and had a conversation with him about the sale of whisky, the defendant then telling the witness that he was selling it. It was then agreed between the two that the defendant would ship whisky to the witness in Smyrna, who agreed to sell it for the defendant at one dollar per quart, keeping all over one dollar per quart as his commission. Subsequently the witness was informed by some one (the evidence not disclosing by whom) that there was a package for him at the depot in Smyrna. He went to the office at the depot and found that the package was a five-gallon keg containing whisky. He took the whisky, sold one pint for the defendant, and himself drank all but two and one half gallons, which the officer seized in his possession when he was arrested. Witness saw the defendant after getting the whisky from the depot, and was asked by him if he had received it. Witness had not paid the defendant anything for the whisky consumed by himself, but owed the defendant for it. This was all the direct evidence of the criminal act. When the officer arrested the defendant just before the trial, in September, 1909, he found in the basement of the house where the defendant lived with his father three gallons of whisky in two-gallon and one-gallon jugs, six quart bottles full of whisky, and seventy-five gallons of wine, also empty barrels, kegs, a lot of empty beer bottles, measuring pots and funnels, and a syphon or thief. The evidence does not disclose the age of the defendant but the arresting officer called him "a boy," and testified that he was totally blind and lived in the house with his father, where the liquors etc. were found.

It is insisted that the foregoing facts do not show that the venue of the offense was in Cobb county. If the shipment of the five gallons of whisky to the witness at Smyrna, Cobb county, is treated as a sale of the whisky to the witness, we think the evidence is sufficient to show that the sale was made by the defendant in Cobb county. According to this witness, however, the whisky was shipped to him by the defendant in pursuance of the previous agreement that he should sell the same for the defendant, and he did sell one pint in Cobb county and consumed a large quantity himself, for which he owed the defendant. This would make both the defendant and the witness guilty of selling whisky in Cobb county, as in misdemeanors all who participate in the illegal act or aid and abet in its commission are principals.

It is also insisted that the verdict is unsupported by the evidence, that the only witness against the defendant as to the criminal act was himself confessedly guilty, and the circumstance of· finding the whisky, wine, beer, and articles ordinarily used in the sale of intoxicating liquors in the house where the defendant lived had been rendered unsuspicious by his explanatory statement. The testimony of an accomplice may be sufficient to convict in cases of misdemeanors. The fact of complicity in the crime goes to his credit as a witness. His testimony is to be weighed by the jury, who are the exclusive judges of its credibility and effect. This does not mean that the testimony of an accomplice in a misdemeanor is to be judged like the testimony of a witness unstained by complicity in the crime, but means that it should be judged and weighed as the testimony of an accomplice which legally may be sufficient to convict, if fully believed. Whether the distinction made by the law as to the character and effect of the testimony of an accomplice in cases of felony and misdemeanors is based upon a logical foundation or not, the law makes the difference, and in misdemeanors the credibility of the accomplice as a witness is left entirely to the jury, in the light of experience, common sense, and the circumstances of the particular case, without any legal handicap. We therefore can not hold as a matter of law that the verdict was not authorized by the testimony of the accomplice, even if without any corroboration. But in this case did not the circumstance of finding the intoxicating liquors in the house where the defendant lived with his father furnish some corroboration? It is true the legitimate

inference, if there was nothing else, would be that the father was the owner and possessor of the liquors, and not the son. But the something else which might fairly be considered as raising an inference of the son's guilt is that the son, and not the father, was selling whisky some months prior to its being found in the father's house where the son was also living.

The court charged: "That one accused of unlawfully selling intoxicating liquors is in possession of quantities of liquor, beers, bottles, jugs, and measures is a circumstance which, in connection with other circumstances, will authorize the inference that the owner is engaged in the unlawful sale of intoxicants." The charge is excepted to on the ground that it was inapplicable to the facts. While juries might be wisely left to draw inferences from proven facts without any assistance from the court, the instruction was not erroneous for the reason assigned. *Judgment affirmed.*