3247. CRAIG *v.* THE STATE.

HILL, C. J. 1. On the trial of one charged with illegally selling whisky, it is not error to admit evidence that the house where the accused lived was searched by an officer subsequently to the day on which the alleged sale was made, and that bottles of whisky and empty bottles which had contained whisky were found therein. *Cole v. State,* 120 *Ga.* 485 (48 S. E. 156); *Taylor v. State,* 5 *Ga. App.* 238 (62 S. E. 1048). The fact that the direct evidence was of a sale some months previous to the search of the house where the accused lived would only affect the weight or probative value of the circumstances that whisky and empty whisky bottles were found in the house; and the further fact that the accused was a married woman living with her husband in the house where the

whisky and empty whisky bottles were found would not render the evidence inadmissible, where the positive evidence showed that she, and not her husband, had previously· sold the whisky. *Beaty* v. *State*, 7 *Ga. App.* 328 (66 S. E. 808).

2. Where one was on trial for the illegal selling of whisky, and there was positive and direct evidence of two sales by the accused', ·and that subsequently the house in which she lived was searched by an officer, and whisky and empty bottles which had contained whisky were found therein, it was not error for the court to charge the jury as follows: "Where there has been evidence introduced tending to show a sale, evidence of empty whisky bottles and' whisky found on the premises at the time of the arrest would be a circumstance that the jury would be authorized to consider, in connection with the other facts in the case, in determining the defendant's guilt." *Beaty* v. *State*, supra; *Taylor* v. *State*, supra. This instruction is not subject to the objection that it was an intimation of opinion by the judge that there had been satisfactory proof of the sale of whisky; nor was it erroneous because it authorized the jury to infer that the accused, who was a married woman living in the house with her husband, was guilty, and not her husband', the positive and direct evidence being that the wife, and not the husband, had made the previous sales of whisky.

3. It has been repeatedly ruled by this court and the Supreme Court that the trial judge, in the absence of any request, is not required to charge the jury on the subject of impeachment of witnesses. *Strickland* v. *State*, 4 *Ga. App.* 445 (61 S. E. 841); 7 Enc. Dig. Ga. Rep. 624.

4. No error of law appears, and the verdict is supported by evidence.

*Judgment affirmed.*

DECIDED APRIL 11, 1911.

Accusation of sale of liquor; from city court of Polk county— Judge Irwin. February 18, 1911.

*W. H. Trawick*, for plaintiff in error.

*J. A. Wright, solicitor, E. S. Ault*, contra.