### 10146.  McCAIN *v.* THE STATE.

1. When read with the rest of the charge of the court, the extracts complained of contain no error that requires a new trial.
2. A verdict supported by any evidence, however slight, and approved by the trial judge, can not be interfered with by this court. The evidence is sufficient in this case.
3. The ground of the motion for a new trial which relates to the refusal to continue the case is incomplete and too indefinite for consideration.

DECIDED JANUARY 23, 1919.

Accusation of possession of intoxicating liquor; from city court of Carrollton.—Judge Beall.  August 17, 1918.

*Emmett Smith,* for plaintiff in error.

*Willis Smith,* solicitor, contra.

BLOODWORTH, J.  1.  When read in connection with the entire charge, there is no reversible error in any of the extracts therefrom, of which complaint is made in the motion for new trial.

2.  The evidence is sufficient to support the verdict; and, "the verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court a reviewing court is powerless to interfere. When the verdict is

apparently decidedly against the weight of the evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Toole* v. *Jones,* 19 *Ga. App.* 24 (90 S. E. 732). See *Bradham* v. *State,* 21 *Ga. App.* 510 (94 S. E. 618), and cases cited.

3. The ground of the motion alleging error in overruling the motion to continue is too indefinite for consideration by this court. It does not even give the name of the absent witness; nor does it show "that he has been subpœnæd; . . that his testimony is material; that the witness is not absent by the permission, directly or indirectly, of the applicant; that he expects he will be able to procure the testimony of the witness at the next term of the court; and that the application is not made for the purpose of delay, but to enable the party to procure the testimony of the absent witness;" nor does the ground of the motion "state the facts expected to be proved by the witness." Penal Code (1910), § 987. "Grounds of a motion for new trial should be complete within themselves." *Daniel* v. *Schwarzweiss,* 144 *Ga.* 81 (86 S. E. 239) ; *Copeland* v. *Ruff,* 20 *Ga. App.* 218 (2) (92 S. E. 955) ; *Bridges* v. *Griffin,* 20 *Ga. App.* 599 (2) (93 S. E. 170). It is true that there is attached to the motion for a new trial what purports to be the evidence of plaintiff in error offered on a motion for continuance, but this is in no way identified as a part of this ground of the motion for new trial, nor referred to therein as an exhibit. In addition to the above, from the case of *Sealy* v. *State,* 1 *Ga.* 213 (44 Am. D. 641), to the recent case of *Hilton* v. *Haynes,* 147 *Ga.* 725 (2), 726 (95 S. E. 220), our Supreme Court has decided that in motions for continuance the discretion of the court will be interfered with only in extreme cases. In the opinion in the *Sealy* case, supra, Judge Lumpkin said: "There is great danger of doing mischief by revising matters of this kind, which should properly be confined to the discretion of the court below, to be regulated by the circumstances of each particular case. No precise rule can be laid down, and a most arbitrary and oppressive exercise of this discretion must be made apparent to this court, before it will interfere." See also *Blount* v. *State,* 18 *Ga. App.* 204 (89 S. E. 78). In the

instant case we can not say that the trial judge flagrantly abused his discretion.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*