## 56027. EVANS v. THE STATE.

DEEN, Presiding Judge.

Appellant was indicted, tried, and convicted of aggravated assault. On appeal he asserts two enumerations of error.

1. He contends that the trial court committed reversible error in refusing, after express request, to inform his counsel of its proposed action on his six submitted written requests to charge because Code Ann. § 70-207 (b) provides in part: "The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury . . ."

An examination of the record shows that counsel satisfied the condition precedent to the application of the rule by presenting his requests to charge to the judge in a timely fashion. When he asked the court whether or not his requests would be given, the trial judge informed him: "I will charge the principles of law that are appropriate to the case, and I will permit you to argue to the jury those principles of law you feel are applicable to the case. You may proceed with the argument at this time, sir." Counsel further inquired if his requests were going to be denied. The judge replied: "No sir. You may understand what you please. That is not the ruling of the court. . . I have indicated to you what I will do in connection with them. If you have requested principles of law that the court deems not to be appropriate, I will not give them. But I will charge fully the principles of law that are applicable."

After the court charged the jury, counsel again asked to be informed whether or not the court granted or overruled each of his special requests. He was informed that one charge was given as requested and that the remaining ones were covered either in substance or they

were given in the general charge. The record reveals, however, that while the trial judge did not sign or initial the requests to indicate his ruling, "O.K." was written on request number 2 and "No" on requests 3 through 6. Nothing appears on request number 1 (a request to charge the lesser included offense of pointing a pistol). The actual jury charge, however, did contain such an instruction. Thus the judge's response to counsel's question and the record indicate that the court did not consider the requests prior to closing argument and refused to give four of the requests as submitted. We recognize, however, that while the trial judge need not give ". . . [I]n *haec verba* the language of a special request which he indicates will be given; but he should at least charge the full substance of it." Ross v. United States, 180 F2d 160, 166 (6th Cir. 1950). Here counsel does not claim that the court did not give the substance of his requests; rather he complains that the court refused to inform him of its proposed charges especially in the charge on the lesser included offense.

As there are no criminal cases directly on this point in Georgia, this court may seek guidance from the federal decisions. This is because Code Ann. § 70-207 (b) is an adoption of Rule 51 of the Federal Rules of Civil Procedure and is very similar to Rule 30 of the Federal Rules of Criminal Procedure. The note to Rule 30, as prepared under the direction of the advisory committee, states that it seemed appropriate that on a point such as instruction to juries there should be no difference in procedure between civil and criminal cases.

It is the policy of the federal courts that "[t]he provisions of the Criminal Rules should be observed." United States v. Crescent-Kelvan Co., 164 F2d 582, 589 (3rd Cir. 1948). The Fifth Circuit Court of Appeals holds that "[Rule 30] is a mandatory rule requiring the Trial Judge, before closing argument, to inform counsel what action he will take relative to requested jury instructions, so that counsel may intelligently argue the case to the jury. [Cit.]" United States v. Mendoza, 473 F2d 697, 700 (5th Cir. 1973).

United States v. Mendoza, supra, has a fact situation similar to the case sub judice. Defense counsel requested

the court to inform him of its ruling on his special requests to charge and the judge informed him that he had looked at all his requests except four or five and they were already included in the charge. Counsel then pressed the court to rule on all of his requests so he would know what to argue to the jury, but the trial judge refused. The Fifth Circuit Court of Appeals held that it ". . . requires only . . . substantial compliance with Rule 30, unlike the Seventh Circuit which requires the Trial Judge . . . to inform counsel of all instructions that will be given to the jury, whether proposed by counsel or not." United States v. Mendoza, supra, p. 701. The court went on to find a failure of substantial compliance with the rule and recognized that while "the evidence against the defendants is nearly overwhelming, we cannot say with reasonable certainty that the outcome would be the same if the defense had argued before the jury with accurate information about the trial judge's proposed action upon the requested jury instruction."

In the present case the judge stated that he intended to charge all the correct principles of law, but indicated that he had not considered any of the requests prior to argument and absolutely refused to rule on them. Although counsel made a special request to charge on the lesser included offense, he had no way of determining whether or not this request would be granted because the trial court is not required to charge on the requested lesser included offense unless the court feels that the evidence warrants such a charge. Stonaker v. State, 236 Ga. 1, 2 (222 SE2d 354) (1976); Quick v. State, 139 Ga. App. 440 (228 SE2d 592) (1976); Collins v. State, 146 Ga. App. 138 (1978). Forcing counsel to make his closing argument under such conditions reduces such arguments to a game of roulette imposed on counsel by the court. Appellee's argument that counsel could have requested permission to reargue his case before the jury as provided in Daniels v. State, 137 Ga. App. 371 (224 SE2d 60) (1976), is totally without merit. In the Daniels case, while there was substantial compliance with the Code section, counsel was inadvertently misled as to one of the charges and reargument would have been to his benefit.

Appellee also argues that appellant has failed to

show he was harmed by the court's action. The Georgia Supreme Court has repeatedly held that "[i]t is no answer to the violation of a mandatory rule to say that the record does not show any harm to have resulted to the defendants because of this error, since it has been held in numerous cases that, whenever the rights of a party are withheld or violated, the presumption of law is that he has been injured unless the contrary plainly appears. [Cits.]" *Poultryland, Inc. v. Anderson,* 200 Ga. 549, 562 (37 SE2d 785) (1946); *Montos v. State,* 212 Ga. 764 (95 SE2d 792) (1956). As in the Mendoza case, we cannot say with reasonable certainty that the result would have been the same if counsel had been informed by the court of its proposed action upon his requests.

Applying the rule of "substantial compliance," we find that the trial court's ruling amounted to a total and wilful noncompliance with Code Ann. § 70-207 (b) and clearly deprived appellant of a valuable right under this Code section. Accordingly, we reverse the appellant's conviction in the court below and grant him a new trial.

2. Appellant also asserts error in the court's recharge to the jury when it informed the jury that the lesser included offense of pointing a pistol at another was a misdemeanor.

"Criminal trials are conducted in a bifurcated or two-step procedure. . . The first phase determines guilt or innocence and the second phase, upon return of a guilty verdict, determines the sentence to be imposed as required by Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357). It is error to instruct the jury as to a possible sentence in a felony case before the jury has determined the question of guilt or innocence. [Cits.]." *Mayo v. State,* 139 Ga. App. 520 (229 SE2d 16) (1976). The court is not permitted to instruct the jury that a defendant can be punished for a misdemeanor on a lesser included offense. *Favors v. State,* 145 Ga. App. 864 (1978). Here, however, we believe that the use of the word "misdemeanor" in the recharge was probably a slip of the tongue because it was not defined or elaborated upon. As it is doubtful that prejudice resulted, it was harmless error. *Cloud v. State,* 136 Ga. App. 244 (220 SE2d 763) (1975).

*Reversed and remanded. Smith and Banke, JJ., concur.*

Submitted June 6, 1978 — Decided June 29, 1978.

*William T. Hudson, Jr.,* for appellant.
*M. Randall Peek, District Attorney, Jonathan C. Peters, Assistant District Attorney,* for appellee.