## 59253. DAVIS v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant on appeal from his conviction for the sale of marijuana enumerates as error the failure to grant his motion for continuance based on the absence of a witness. *Held:*

Among the requirements of a showing for continuance due to the absence of a witness under Code § 81-1410, as amended Ga. L. 1959, p. 342 are that the testimony of the witness is material and the motion must state the facts expected to be proved by the absent witness. See *Moore v. State,* 7 Ga. App. 77 (1) (66 SE 377); *Mell v. State,* 69 Ga. App. 302 (2) (25 SE2d 142); *Jones v. State,* 125 Ga. 307, 309 (54 SE 122). A motion for continuance predicated on an absent witness is addressed to the sound legal discretion of the trial judge (*Jones v. State,* 125 Ga. 307, 309, supra) which discretion will not be controlled unless there is a clear showing such discretion is abused. *Smith v. State,* 120 Ga. App. 448 (1) (170 SE2d 832).

At the trial the trial judge stated with regard to

defendant's motion for continuance: "Let's let the record also reflect that in conference in chambers about this motion defendant's counsel indicated that the evidence which Mr. Tom Davis of the GBI [the absent witness] would render didn't have anything to do with the charges set out against the defendant in the indictment but related to alleged promises made by the GBI to this defendant after the fact of his arrest whereby presumably he would assist them in other investigations and they would make some recommendation to the State about lessening any punishment; and of course, as I pointed out to counsel, it didn't seem to me that that had anything to do with the issues raised on the trial of the case but might be a matter for the Court to look into on the question of sentencing, and of course his motion for continuance which was urged with those comments was overruled." Counsel for defendant agreed this statement was correct.

Thus, the absent witness would not have testified to any fact favorable to the accused (*Smith v. State,* 198 Ga. 849 (1c) (33 SE2d 338)) and his testimony was shown not to be material. *McCain v. State,* 23 Ga. App. 320 (3) (98 SE 191); *Davis v. State,* 135 Ga. App. 584 (4) (218 SE2d 297). Hence, it was not error to deny the motion for continuance and to overrule the motion for new trial.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Submitted January 9, 1980 — Decided February 12, 1980.

*John P. Nixon,* for appellant.
*Stephen Pace, Jr., District Attorney,* for appellee.