## 64163. BENSON v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of burglary and sentenced to 20 years. On appeal, he challenges the trial court's denial of his motion for directed verdict on the ground that the state produced no evidence placing him at the premises in question at the time of the burglary. He also enumerates as error the trial court's refusal to give several requested jury charges; the court's admission into evidence, over his objection, of a cash register and coins allegedly taken during the burglary; and the court's overruling of his objection to a leading question propounded by the district attorney to a state's witness.

1. Appellant's enumeration of error addressed to the trial court's denial of his motion for directed verdict is without merit. Appellant's accomplice in the commission of this crime testified unequivocally that he and appellant burglarized the Red Top Tavern on the night in question. Although appellant also argues that there was no testimony as to the location of the burglarized building, the testimony of the accomplice, the tavern owner, and the investigating officer clearly established that the burglary occurred at the Red Top Tavern in Mitchell County. There was sufficient evidence upon which any rational trier of fact could have found that appellant was a perpetrator of the crime in question and was guilty beyond a reasonable doubt. The trial court properly denied appellant's motion for directed verdict. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); Benjein v. State, 158 Ga. App. 794 (282 SE2d 391).

2. Also without merit are appellant's challenges to the trial court's charge to the jury. The court's charge adequately covered the substance of every charge requested by appellant except the charge on alibi, and that charge was totally without evidentiary support. "'The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is no longer a ground for new trial.'" Booker v. State, 156 Ga. App. 40, 42 (274 SE2d 84); rev'd. on other grounds, 247 Ga. 74 (274 SE2d 334); conformed, 157 Ga. App. 872 (278 SE2d 745).

The failure of the trial court to inform counsel of its intention with respect to the requested charges, as required by Code Ann. § 70-207 (b), was harmless in view of the fact that the court, in substance, charged all requested charges supported by the evidence. While failure of the appellant to show harm resulting from the trial court's noncompliance with § 70-207 (b) will not preclude the grant of a new trial, a new trial will not be granted where the record affirmatively demonstrates that the appellant was not injured by such noncompliance. "[T]he presumption of law is that he has been

injured *unless the contrary plainly appears."* (Emphasis supplied.) *Evans v. State,* 146 Ga. App. 480, 483 (246 SE2d 482). See also *Smith v. Poteet,* 127 Ga. App. 735 (6) (195 SE2d 213), and *Seaney & Co. v. Katz,* 132 Ga. App. 456 (208 SE2d 333). In this case, unlike *Evans,* we can state with reasonable certainty that the result in the trial court would have been the same if counsel had been informed by the court of its proposed action upon his requests. The trial court charged the substance of all charges requested by appellant and warranted by the evidence. Appellant excepted at the conclusion of the charge to the court's failure to charge two specific requested charges, both of which the court correctly concluded were covered by the charge given.

3. We find that the trial court did not abuse its discretion in overruling appellant's objection to a single, leading question propounded by the district attorney on direct examination. Such matters are generally within the sound discretion of the trial judge and will not be grounds for reversal absent manifest abuse of that discretion by the trial judge. *Ford v. State,* 232 Ga. 511, 517 (207 SE2d 494). This enumeration of error is without merit.

4. Appellant's remaining enumerations of error challenge the admissibility of a cash register and coins allegedly stolen from the Red Top Tavern. The owner of the tavern testified that a cash register containing, among other things, several rolls of coins was stolen during the burglary. Appellant's alleged accomplice testified that he and appellant stole the cash register and subsequently threw it off a bridge into a river. Two additional witnesses testified that they saw appellant and his accomplice throw the cash register into the water. At the trial, both the owner and the accomplice identified the cash register as being the same one stolen from the burglarized building. An investigating officer with the Georgia Bureau of Investigation identified the cash register as the one removed from the river at the point where appellant and his accomplice had allegedly tossed it. Another officer testified that the coins introduced into evidence by the state were the coins he had removed from the same cash register. Appellant objected to the introduction of both the cash register and the coins on chain of custody grounds. We find appellant's objections to be without merit.

"Items of evidence which are distinct and recognizable physical objects are admissible in evidence without the necessity for showing the chain of custody." *Hurt v. State,* 239 Ga. 665, 672 (238 SE2d 542). The cash register was specifically identified by both the tavern owner and appellant's accomplice. The coins were specifically identified by the officer who removed them from the same cash register. While currency generally are fungible items and not specifically identifiable, the officer testified that he could identify the coins

because he initialed the exhibit. The trial court properly admitted into evidence both the cash register and the coins.

*Judgment affirmed. Quillian, C. J., concurs. Carley, J., concurs specially.*

DECIDED SEPTEMBER 30, 1982 —
REHEARING DENIED OCTOBER 19, 1982 — 

*J. Dudley McClain, Jr.,* for appellant.
*Gilbert J. Murrah, District Attorney, Edward Parker, Assistant District Attorney,* for appellee.

CARLEY, Judge, concurring specially.
I concur in the judgment affirming appellant's conviction. However, I cannot adopt the reasoning of the majority with regard to appellant's enumeration of error concerning the failure of the trial court to "inform counsel of its proposed action upon the requests [to charge] prior to their arguments to the jury . . ." as required by Code Ann. § 70-207. I simply do not see how "we can state with reasonable certainty that the result in the trial court would have been the same if counsel had been informed by the court of its proposed action upon its request." If the record were complete in this case, I would apply the ruling of *Evans v. State,* 146 Ga. App. 480, 483 (246 SE2d 482) (1978). However, the record in this case does not reveal whether the trial court did or did not comply with Code Ann. § 70-207 (b). Our only information in this regard is contained in the briefs. "Assertions of counsel as to what transpired below cannot take the place of the record or transcript." *Berry v. Demmons,* 160 Ga. App. 712, 713 (288 SE2d 78) (1981). Thus, for a different reason, I agree with the majority's determination that appellant's enumeration in this regard is without merit.