## 69137. THOMPSON v. THE STATE.
### (327 SE2d 236)

SOGNIER, Judge.

Appellant, a juvenile, was tried in superior court on a charge of malice murder and was convicted of involuntary manslaughter.

1. Appellant contends the trial court erred by refusing to advise counsel of the charges it would make to the jury. Since our decision on this enumeration of error is dispositive of this appeal we have addressed it first.

Three defendants, including appellant, were tried jointly, each represented by separate counsel. The State and all counsel submitted written requests to charge. After advising counsel of the offenses on which it would charge, the court stated it was not going to rule on the individual requests to charge, stating it knew of no requirement to do so. After discussing this matter further the court reiterated its statement that it was not going to rule on each request. When asked if the court was going to give any of the State's requests to charge the court stated: "I'm going to charge the principles of law that the Court feels are applicable to the broad principles that I have stated . . . and I will probably give many of the State's requests to charge if I deem them to be correct as principles that are applicable to these general principles that I have outlined to you."

Appellant's counsel renewed his objection to the court's failure to clarify what requested charges would be given, but the court reiterated only that it would charge on the correct principles of law. This was error.

OCGA § 5-5-24 (b) provides, in pertinent part: "In all cases, at the close of the evidence . . . any party may present to the court written requests that it instruct the jury on the law as set forth therein. . . . The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury . . . ."

In an almost identical factual situation we held that forcing counsel to make his argument under such conditions "reduces such arguments to a game of roulette imposed on counsel by the court," and an argument that counsel could have requested permission to re-argue his case before the jury is totally without merit. *Evans v. State*, 146 Ga. App. 480, 482 (1) (246 SE2d 482) (1978). The trial court's ruling was a non-compliance with the mandatory requirements of the Code Section and clearly deprived appellant of a valuable right under OCGA § 5-5-24 (b). Id. at 483. Accordingly, we reverse appellant's conviction and grant him a new trial.

2. In view of our decision on this issue, the remaining enumerations of error need not be addressed.

*Judgment reversed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 27, 1985.

*Bobby Lee Cook, Sr., Marvin S. Arrington,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, D. Chris Jensen, Jr., Assistant District Attorneys,* for appellee.