## 71259. HALL v. THE STATE.
### (339 SE2d 658)

BEASLEY, Judge.

Appellant was convicted of selling marijuana, a controlled substance. OCGA § 16-13-30 (j) (1). On appeal he contends that the trial court erred in denying his motion for mistrial. The motion followed the state's questioning of its witness, a police investigator. The sale had been made to her by a person then known to the witness as "Lip" and also as "James Phillips." To establish the identity of that seller as being the appellant and thus connect the transaction with the person on trial, the state asked where the witness had obtained appellant's name from, to which she responded: "Throughout the evidence we looked up pictures that the local drug unit has here in Albany and we identified one of the pictures as James — [appellant]." The witness' reference to "local drug unit," appellant argues, suggested that he had a prior criminal record, thereby improperly placing his character in issue, although he concedes that a reference to "police records" or "mug shots" would be allowed.

Evidence of a defendant's bad character cannot be introduced unless the defendant first chooses to put his character in issue. *Stanley v. State*, 250 Ga. 3 (1) (295 SE2d 315) (1982).

In *Gravitt v. State*, 239 Ga. 709, 712 (5) (239 SE2d 149) (1977), the Supreme Court held that a policeman's testimony regarding the defendant's "mug shot from the files of the DeKalb County Police Department" did not put the defendant's character in issue, reasoning "that such evidence, without more, contains nothing to indicate that the defendant was guilty of previous crimes." The Court in *Woodard v. State*, 234 Ga. 901, 902 (2) (218 SE2d 629) (1975), reached the same conclusion upon reviewing a detective's testimony that "I decided to pull some pictures of [defendant] from our file."

In *Ogles v. State*, 238 Ga. 716 (235 SE2d 384) (1977), a police officer was asked, during the state's presentation of its case, when he discovered the defendant's true name. The officer replied, "After I checked his record." The Court held that the response fell "just short of putting the defendant's character in issue." Id. at 717.

Similarly, in *Jones v. State*, 250 Ga. 166, 169 (3) (296 SE2d 598) (1982), where a detective had testified that during the course of his

investigation he " 'went to (the police department) identification section . . . and checked the name' " of defendant, the Court concluded that defendant's character had not been placed in issue. It explained, "Unlike the police officer's statement in *Ogles*, Arcangeli's [the detective's] statement that he checked appellant's name in the identification files does not directly imply that the person whose name was checked had a criminal record. 'Here, the statement was made but once and the police officer, although experienced, was merely responding in narrative form to questions asking him to explain what he did to attempt to locate and identify the person who had committed the offenses. [Cits.]" Id.

In accordance with the cases cited above, the testimony in the present case did not place appellant's character in issue, as it, without more, did not imply he had a prior criminal record.

Moreover, even if character had thereby been placed in issue, his appeal would fail. The trial court offered to give curative instructions to the jury after denying appellant's motion for mistrial, but defense counsel declined the offer. Thus, appellant may not now complain. *Jones*, supra, 250 Ga. App. at 168.

"The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with." *Stanley*, supra, 250 Ga. at 4. No abuse of discretion occurred.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 7, 1986.

*George W. Woodall*, for appellant.

*Hobart M. Hind, District Attorney, L. Earl Jones, Assistant District Attorney*, for appellee.