## 46064. HENSON v. THE STATE.
### (372 SE2d 806)

MARSHALL, Chief Justice.

Russell Gene Henson appeals his conviction of the malice murder of Harry Haney, for which he was sentenced to life imprisonment.[1] We affirm.

Henson was married to Ms. Marie Potter for six years. His "whole life was Marie." They separated, then divorced. She later told him that she was having an affair with his "best friend," the victim, Harry Haney. Two weeks before the homicide, she told him that she was having sexual relations with Haney. Henson and Haney went to a wooded area in Clayton County to "drink beers." Henson brought along his father's handgun. After consuming several beers, Henson told Haney that Henson and Marie were supposed to be getting back together, and that Henson was aware of Haney's affair with Marie. Haney responded that he was aware of the possible reconciliation, but that he intended to divorce his wife and continue his affair with Marie. Henson shot Haney in the leg. Henson again questioned Haney about the affair. Henson put the muzzle of the firearm in Haney's mouth and pulled the trigger. With Henson's approval, Henson's father called Sergeant Brewer, a family friend. After *Miranda* warnings, Henson admitted the murder to Brewer, and took him to the body. After again receiving his *Miranda* rights, Henson again admitted the murder during a tape-recorded statement.

1. Henson first contends that his statements should have been suppressed pursuant to his motion to suppress, because he was intoxicated on Valium and beer. He drank the beer voluntarily, but he

---

[1] The crime was committed on January 27, 1987. Henson was convicted and sentenced on March 25, 1988. Notice of appeal was filed on April 6, 1988. The transcript of the evidence was filed on June 21, 1988. The appeal was docketed in this Court on July 28, 1988, and submitted for decision on briefs on September 9, 1988.

claimed to have taken the Valium, as well as some of his grandfather's morphine, at the bedside of his dying grandfather, in "excusable ignorance" of its effect when combined with alcohol. OCGA § 16-3-4.

The trial court's findings as to factual determinations and credibility relating to the admissibility of statements will be upheld on appeal unless they are clearly erroneous. *Lobdell v. State*, 256 Ga. 769 (6) (353 SE2d 799) (1987) and cit. Here, there was evidence that: no one threatened, coerced or promised Henson anything for making a statement; medical tests for morphine were negative; whether an alcohol-Valium combination would impair judgment is an individual determination which police officers must make based on observations of the person; and Henson appeared coherent, was not slurring his words, was steady on his feet, and appeared at all times to know what he was doing. The findings of the trial court regarding his condition when he gave the statements are not clearly erroneous.

2. Henson next contends that the trial court should have granted his motion for mistrial, based upon his impeachment of Sergeant Brewer at the *Jackson-Denno* hearing by showing that the officer testified at different times that Henson was, and was not, coherent when giving his statement. (Brewer sought to excuse the inconsistency by testifying that he had had a stroke and had been in the hospital.) Any inconsistency in Brewer's testimony went to his credibility rather than to its admissibility. His credibility was properly determined by the jury under proper instructions from the court, as provided by OCGA § 24-9-80.

3. Henson argues that the trial court erred in denying his request to review the state's entire file after state's witness Detective Cain refreshed his recollection, during cross-examination, from notes in the state's file, citing *Baxter v. State*, 254 Ga. 538 (18) (331 SE2d 561) (1985).

The officer had not refreshed his recollection from the state's entire file; rather, from some of his notes, which the trial court made available to the defense. It is transparent from Henson's appellate argument that Henson was conducting a fishing expedition: not to get the notes from which the witness had refreshed his recollection, but rather to get another memorandum on another topic, which had nothing to do with the witness' testimony. Moreover, Henson got the other memorandum, and cross-examined another prosecution witness regarding its contents. Moreover, Henson could have recalled still another state's witness to impeach this witness regarding the contents of the memorandum. Furthermore, the state had opened its files to the defense before trial regarding the testimony of Det. Cain, and was given all of the documents from which Cain had refreshed his recollection.

4. The trial court did not err in refusing to charge on involuntary

intoxication. Henson's defense was self-defense: that the victim had attacked him with a limb and that he had fired to defend himself. He did not attempt to negate intent to kill through involuntary intoxication. The testimony about involuntary intoxication was introduced in an attempt to exclude Henson's statements from evidence.

5. Finally, Henson enumerates as error the trial court's charging on voluntary manslaughter without first giving defense counsel notice of his intent to so charge.

On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given to the jury. *Raines v. State*, 247 Ga. 504 (1) (277 SE2d 47) (1981) and cit. A charge on voluntary manslaughter was authorized by evidence that the appellant had only recently discovered that his ex-wife, whom he still loved, was having an affair with his best friend, who, when confronted with this fact, showed no disposition toward discontinuing the affair and who attacked the appellant with a limb or stick. Although the trial court is required to inform counsel of its proposed actions with regard to the submitted requests to charge, *Thompson v. State*, 173 Ga. App. 566 (1) (327 SE2d 236) (1985), we know of no authority requiring such notice of giving a jury charge that, though unrequested, is clearly warranted by the evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 20, 1988.

*Sexton, Turner & Moody, Lee Sexton,* for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.