A91A0729. KING v. THE STATE.
(411 SE2d 278)

CARLEY, Judge.

Appellant and two others were co-indicted for conspiracy to traffick in more than 400 grams of cocaine. One co-indictee pled guilty and appellant and the other co-indictee were tried before a jury. Guilty verdicts were returned and appellant appeals from the judgment of conviction and sentence entered by the trial court on the guilty verdict as to him.

1. Although the indictment otherwise clearly charged the crime of conspiracy to traffick in more than 400 grams of cocaine, it erroneously referred to former OCGA § 16-13-31 (c) rather than former OCGA § 16-13-31 (a) (1) (C). However, appellant did not file a demurrer and the misidentification of the applicable statutory provision was no basis for seeking a directed verdict of acquittal. "A motion for a directed verdict of acquittal is not the proper way to contest the sufficiency of an indictment. A motion for a directed verdict of acquittal . . . addresses the sufficiency of the evidence, not the sufficiency of the underlying indictment. [Cit.]" *Williams v. State*, 162 Ga. App. 350, 351 (291 SE2d 425) (1982).

When the evidence, including appellant's own in-custody inculpatory statement, is construed most favorably for the State, the evidence was sufficient to authorize a rational trior of fact to find proof beyond a reasonable doubt of appellant's guilt of conspiracy to traffick in more than 400 grams of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant had subpoenaed a purported alibi witness. When this witness did not appear, appellant moved for a continuance. The trial court denied the motion on the erroneous ground that the witness had not been properly subpoenaed because fees and mileage had not been tendered. "When the subpoena is issued on behalf of . . . a defendant in a criminal case, fees and mileage need not be tendered." OCGA § 24-10-24.

A continuance would not be mandated, however, unless the absent witness' testimony was material to appellant's defense. OCGA § 17-8-25. Appellant urged that the absent witness would provide him with an alibi for the period between March 24 and March 26, 1990. However, appellant needed no alibi for that period. Under the evidence, the only overt act in which appellant himself had personally participated occurred on March 29, 1990. It was appellant's co-indictees, not appellant, who needed alibis for those overt acts which they

had allegedly committed during the March 24-26, 1990 period. Since the purported alibi witness was clearly not a material witness, his absence was no basis for the grant of a continuance. See *Davis v. State*, 153 Ga. App. 433 (265 SE2d 351) (1980).

3. The trial court did not err in denying an oral challenge to the jury array. "Under OCGA § 15-12-162, a challenge to the jury array must be in writing. [Cit.]" *Sexton v. State*, 189 Ga. App. 12 (2) (374 SE2d 824) (1988).

4. It appears that, by chance, one or more jurors may have seen appellant in the "custody" of police officers outside the courtroom. However, even if appellant had been handcuffed at the time of this occurrence, a mistrial would not be mandated. *Morris v. State*, 228 Ga. 39, 51 (18) (184 SE2d 82) (1971).

5. Alleging that a variance between the date alleged in the indictment and the date proved at trial was prejudicial to his alibi defense, appellant unsuccessfully moved for a continuance. However, the evidence adduced against appellant included his own uncontroverted in-custody inculpatory statement wherein he admitted his commission of the only overt act in which the indictment had alleged that he had personally participated. This evidence clearly established that, "regardless of the date of the [overt act attributed to appellant,] the alibi did not apply since appellant admitted [his commission of the overt act attributed to him]." *Bonner v. State*, 192 Ga. App. 721, 722 (2) (386 SE2d 379) (1989). Whatever defenses appellant may have had to his guilt for participation in the conspiracy, alibi obviously was not among them.

6. Appellant submitted written requests to charge on general legal principles applicable in all criminal cases and on what he characterized as his sole defense of alibi. Appellant enumerates as error the trial court's failure to conduct a pre-argument charge conference as to these written requests to charge.

OCGA § 5-5-24 (b) provides, in part, that the trial court "shall inform counsel of its proposed action upon the requests [to charge] prior to their arguments to the jury. . . ." This is a mandatory rule, designed to permit counsel to argue the case intelligently before the jury. *Evans v. State*, 146 Ga. App. 480, 482 (1) (246 SE2d 482) (1978). The record shows that the trial court in the instant case did err in refusing to adhere to this mandatory rule.

However, the record also shows that appellant's counsel was not prevented from arguing the substance of any of the requests to charge. Indeed, appellant's counsel was even allowed to argue the defense of alibi although there was absolutely no evidence to authorize a finding in favor of appellant as to that defense. After this unrestricted argument, the trial court charged on all legal principles contained in appellant's requests, including the inapplicable defense of alibi. Hav-

ing been allowed the benefit of argument as to an inapplicable defense and having been given the benefit of an unwarranted charge on that defense, appellant was clearly not harmed by the trial court's noncompliance with OCGA § 5-5-24 (b). See generally *Benson v. State*, 164 Ga. App. 19 (2) (295 SE2d 579) (1982). Compare *Thompson v. State*, 173 Ga. App. 566 (1) (327 SE2d 236) (1985); *Evans v. State*, supra. Accordingly, although we strongly disapprove of the trial court's failure to adhere to the mandate of OCGA § 5-5-24 (b), the error was harmless under the particular circumstances of the instant case and does not merit the grant of a new trial to appellant.

7. The trial court sentenced appellant to 30 years and a $500,000 fine. Pursuant to OCGA § 16-13-31 (f), the maximum prison term for the substantive offense of trafficking in cocaine is 30 years. Accordingly, pursuant to OCGA § 16-13-33, the trial court was authorized to sentence appellant to 30 years for conspiracy to traffick in cocaine. However, the trial court was not authorized to impose a fine in any amount against appellant. "[A] conviction for conspiracy under OCGA § 16-13-33 does not authorize the imposition of a fine, and . . . the fine portion of appellant's sentence must be reversed." *Raftis v. State*, 175 Ga. App. 893, 898 (7) (334 SE2d 857) (1985).

*Judgment of conviction affirmed and sentence affirmed in part and reversed in part. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

Although fully concurring in Divisions 1 through 5 and 7, I concur in Division 6 only because defense counsel was not materially hampered in the closing argument. The court advised, "I don't know what I'm going to charge them until I hear what you argue to the jury." Then, after counsel stated that alibi was a defense, the court responded, "If you argue it, I'll charge it." When counsel added that the other defense was that the incident did not happen, the court acknowledged this with "Yes, sir. If you rely on it, I'll charge it. I'm going to listen to what you say and I'm going to try to charge on more principles of law."

It is clear, then, that these circumstances differ from those in *Evans v. State*, 146 Ga. App. 480, 482 (1) (246 SE2d 482) (1978) and *Thompson v. State*, 173 Ga. App. 566 (1) (327 SE2d 236) (1985), where counsel did not know that the court would charge on the particular theories which defendant relied upon. Here, the defendant was permitted to take the lead, and the court followed.

Drug violation. Spalding Superior Court. Before Judge Miller.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn,* for appellant.

*W. Fletcher Sams, District Attorney, R. Javoyne Hill, Assistant District Attorney,* for appellee.