McMurray, Presiding Judge.
Defendant was tried before a jury and found not guilty of murder, felony murder, aggravated assault and possession of a firearm during the commission of a crime. The jury found defendant guilty of the lesser included offense of voluntary manslaughter. This appeal followed the denial of defendant’s motion for new trial. Held:
1. Defendant contends the trial court erred in allowing the testimony of an expert witness who was not on the State’s Uniform Superior Court Rule 30.3 list of witnesses. This assertion is without merit. Defendant waived his right to complain about this unlisted witness’ testimony when he refused the trial court’s offer for a mistrial. Gale v. State, 135 Ga. 351, 354 (2) (69 SE 537). See White v. State, 208 Ga. App. 885, 889 (4) (432 SE2d 562).
2. The trial court did not err in giving the State’s requested charge as to the lesser included offense of voluntary manslaughter. “On the trial of a murder case, if there is any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given to the jury. Raines v. State, 247 Ga. 504 (1) (277 SE2d 47) (1981) and cit.” Henson v. State, 258 Ga. 600, 602 (5) (372 SE2d 806). See Edwards v. State, 264 Ga. 131, 133 (442 SE2d 444), and State v. Stonaker, 236 Ga. 1, 2 (222 SE2d 354). Evidence in the case sub judice that defendant and co-defendant Hampton engaged in a gun battle with the victim over an illegal drug transaction that had gone bad several hours earlier authorized the State’s requested charge on voluntary manslaughter. See OCGA § 16-5-2 (a).
3. Defendant contends the trial court erred in failing to grant a mistrial when an investigating police officer testified that — while assembling a photographic display — “we went out to the jail and obtained a photo of defendant Roderigo Washington.” In accordance with the cases cited in Hall v. State, 177 Ga. App. 464 (339 SE2d 658), we find that this unresponsive statement did not place defendant’s “character in issue, as it, without more, did not imply he had a prior criminal record.” Id. at 465.
4. Defendant’s incriminating custodial statement, corroborated by independent eyewitness testimony of the shooting, authorizes the jury’s finding that defendant is guilty, beyond a reasonable doubt, as a party to the crime of voluntary manslaughter. Jackson v. Virginia, *491 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

Judgment affirmed.

Beasley, J., concurs specially. Smith, J., concurs in the judgment only.