Beasley, Judge,
concurring specially.
I concur, but not fully in Division 1. A criminal defendant’s refusal of a mistrial when an unlisted witness is called to offer evidence would not always constitute a waiver of the procedural defect. There may be instances in which a mistrial would prejudice the defendant or the nondisclosure by the State was deliberate so as to disadvantage the defendant. In such and other conceivable instances, exclusion of the witness’ testimony may be the only proper remedy.
Defendant Washington seeks what he describes in his brief as “fundamental fairness,” and that is what the trial court attempted to provide. As the court stated at trial, “I want to do justice to both sides.” And the court did just that.
When, to defendant’s surprise, the witness was called, he objected because he had not been advised in advance as required by the rules. After hearing the State’s explanation, and considering the timing of the trial, the court offered several remedies. First, the court ordered the witness, who was a firearms examiner and director of the Savannah branch of the State Division of Forensic Sciences (crime lab), to consult with defense counsel “at length” during the recess then being observed, gave counsel the time requested, and told counsel that it would allow more time if needed. Second, the court offered to delay the witness’ testimony for 24 hours so counsel could conduct additional investigation. Third, the court offered to postpone the trial, which was in its second day. Finally, after the recess during which counsel interviewed the witness, the court asked if defendant wanted a mistrial when objection was still insisted upon. As the majority states, defendant declined a mistrial, without even inquiring when the next trial would take place, endeavoring instead to achieve exclusion of the witness’ testimony altogether.
The court was not required to prevent the jury from hearing the evidence, which consisted of examinations of shell casings and a bullet jacket fragment, and thereby to preclude the jury from being more fully informed so it could ascertain the truth. USCR 30.3 requires the district attorney to provide the addresses and telephone numbers of the state’s witnesses “to the extent such are within the knowledge of the district attorney, unless for good cause the judge allows an exception to this requirement, in which event defense counsel shall be afforded an opportunity to interview such witnesses prior to the witness being called to testify.” This is the rule which defendant invokes. The only other authority provided in Georgia law is the Georgia Constitution, Art. I, Sec. I, Par. XTV, which guarantees the right “on *492 demand, [to] a list of the witnesses on whose testimony [the] charge is founded.”
The State, and White v. State, 208 Ga. App. 885, 889 (4) (432 SE2d 562) (1993), depend also on OCGA § 17-7-110, but that section of the Code was repealed prior to the date of Washington’s trial. Ga. L. 1994, p. 1895, § 1 (effective January 1, 1995). The majority also cites Gale v. State, 135 Ga. 351, 354-356 (2) (69 SE 537) (1910), but that case was decided long before the adoption of the Uniform Superior Court Rules and did not cite the then-extant state constitution, although the latter may have been the implied basis for its ruling. It decided the issue on the basis of the fundamental principle that “[e]very person accused of crime is entitled to a fair and impartial trial, according to the rules of law,” not on a right to a list of witnesses. Id. at 355. Compare Ga. Const. 1983, Art. I, Sec. I, Par. XI (a) with Par. XIV.
In this case, the district attorney did not know of the witness and in fact the witness did not even have any relevant testimony, until the day before he was called. After defense counsel delivered the opening statement to the jury, the district attorney learned that there were shell casings and a bullet jacket fragment which had not been sent to the State crime lab for examination with other items. He had them delivered, and the witness examined them that night. So when the witness testified, there was not yet even any written report. His testimony was admitted after the above-described precautions were taken.
Defendant argues that it is not fair to allow the State to introduce new witnesses who are obtained after the State hears the defense’s theory of the case in the opening statement and to require defendant, who has demanded a speedy trial, to choose a mistrial as a remedy when he will remain in jail until the next trial. Defendant claimed before the trial court that the surprise, which is one evil the advance list of witnesses is designed to avert,[1] disadvantaged him in that had he known of the evidence beforehand, his opening statement might have been different.
Weighing the right of the defendant to an advance list of witnesses and his right to a speedy trial on one hand, neither of which need be forfeited in order to assert the other, and the right of the State to present all the evidence it can lawfully garner to meet its strict burden in criminal cases plus the public’s interest in ascertaining the truth on the other hand, I agree that the trial court did not abuse its discretion. Of import in seeking a balance is the fact that *493 the evidence did not exist until the evening before the witness was called, the fact that the examination was not deliberately forestalled, the fact that defendant was given full opportunity to react and prepare against such evidence, and the lack of any indication that if defendant chose mistrial, a second trial would be far off.
Decided September 11, 1997
Gregory N. Crawford, for appellant.
Spencer Lawton, Jr., District Attorney, Michael K. Dennard, Assistant District Attorney, for appellee.

 See Butler v. State, 139 Ga. App. 92, 93 (1) (227 SE2d 889) (1976); Hicks v. State, 232 Ga. 393, 399 (207 SE2d 30) (1974).