## 65715. VICK v. THE STATE.

SHULMAN, Chief Judge.

Appellant was indicted and tried for murder but was convicted of involuntary manslaughter in the commission of a lawful act. OCGA § 16-5-3 (b) (Code Ann. § 26-1103). Appellant now questions the sufficiency of the evidence against him and the correctness of the trial court's decisions to charge the jury on involuntary manslaughter and to deny appellant's amended motion for new trial.

1. In his first enumeration of error, appellant maintains that the trial court committed reversible error when it charged the jury on the offense of lawful act-unlawful manner involuntary manslaughter. In his notice of appeal, appellant requested the clerk of the trial court to omit the requests to charge from the appellate record. The state subsequently supplemented the record to include the requests which contain a defense request to charge on lawful act-unlawful manner involuntary manslaughter. Appellant has moved to strike the state's supplementation of the record on the ground that it was tardily filed, in violation of OCGA § 5-6-42 (Code Ann. § 6-806). While appellant is technically correct on this point, we are of the opinion that the requests to charge are of such importance in an appeal where the trial court's giving of a charge is cited as error that this court would have ordered the clerk of the trial court to submit that portion of the trial record to this court pursuant to OCGA § 5-6-41 (f) (Code Ann. § 6-805). Therefore, we will not grant appellant's motion to strike the supplemental record.

2. A review of the record before us reveals that appellant requested the charge which he now finds offensive. Thus, even if the giving of the charge was error, it was induced error which is not a ground for reversal. *Edwards v. State,* 235 Ga. 603 (2) (221 SE2d 28); *Jones v. State,* 158 Ga. App. 585 (2) (281 SE2d 329).

3. Appellant also contends that the evidence was insufficient to support a conviction for lawful act-unlawful manner involuntary manslaughter. There was evidence that the victim, James Wolfe, instigated a fist fight with appellant, who responded by hitting Wolfe with a gun in the hope of stunning him. However, Wolfe grabbed appellant's arm and the gun and, in the ensuing scuffle, the gun accidentally discharged, mortally wounding Wolfe. From this evidence, the jury was authorized to conclude that appellant had unintentionally caused the death of Wolfe during the commission of a lawful act in an unlawful manner. OCGA § 16-5-3 (b) (Code Ann. § 26-1103); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Neal v. State,* 160 Ga. App. 498 (4) (287 SE2d 399). The Supreme Court's holding in *Crawford v. State,* 245 Ga. 89 (263 SE2d 131), concerns the *intentional* firing of a gun and is therefore inapposite to the present case. Furthermore, we note that the evidence also would have supported a jury verdict of guilty of murder in that the victim's wife, who was present at the time of the incident, testified that she did not see a scuffle between appellant and her husband; that she heard her husband, standing with his arms "throwed out," say, "You wouldn't shoot an unarmed man, would you?"; that she saw appellant with a gun facing the victim and then heard the shot ring out. Since there is evidence which supports a

verdict of guilty of the more serious offense, and there is slight evidence of the lesser included offense, appellant, who requested a charge on and was convicted of the lesser offense, may not successfully urge the general grounds on appeal. *State v. Clay,* 249 Ga. 250 (1) (290 SE2d 84).

4. Lastly, appellant takes issue with the trial court's denial of his amended motion for new trial, which motion was based on alleged jury misconduct and was supported by the affidavits of two jurors who averred that the sheriff or a deputy sheriff, in response to a jury query, told that body during its deliberations what kind of sentence the defendant could receive on the various possible verdicts. At a hearing held on appellant's motion, the deputy sheriff (who was the bailiff) testified that the jury's sole communication to him was a statement that they were confused about the difference between felony and misdemeanor involuntary manslaughter. The deputy relayed the message to the sheriff, who informed the trial court. Subsequently, the jury was recharged on the matter. The sheriff's testimony at the post-trial hearing corroborated that of his deputy.

"[W]here a communication from the bailiff to the jury is shown, the burden is on the state to rebut by proof the presumption of harm." *Battle v. State,* 234 Ga. 637, 639 (217 SE2d 255). The state's witnesses adequately explained the juror-bailiff communication, and it was not an abuse of the trial court's discretion to refuse to recess the hearing in order that appellant's attorney could subpoena the 12 jury members.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 28, 1983 —
REHEARING DENIED MAY 11, 1983 — ▮▮▮▮▮▮▮▮

*Bobby Lee Cook, William W. Keith III,* for appellant.
*Stephen A. Williams, District Attorney,* for appellee.