## 65632. HELTON v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of kidnapping, criminal attempt to commit rape, and obstruction of an officer. He appeals his convictions of kidnapping and criminal attempt to commit rape on the general grounds. He also enumerates error in several of the trial court's charges to the jury; he contends the prosecuting attorney was guilty of misconduct by leaving the jury with the false impression that

appellant had been convicted previously of sexual battery; and contends he was denied effective assistance of counsel.

After an ice storm forced the victim to abandon her car approximately three miles from her apartment the victim, a GBI agent, was walking home and was offered a ride to her apartment by appellant. The victim accepted and told appellant she would get out at the fire station near her apartment. Instead of stopping as requested, appellant drove past the fire station, grabbed the victim by the hair and told her she could not get out until she gave appellant a kiss, and that she would have to do some other stuff, too. The victim started screaming for help and after appellant slapped her a couple of times, the victim got a flashlight from her purse and used it to hit appellant in the head. This caused the car to jump the curbing and wreck in the front yard of a residence. The victim climbed out of the car window and ran to the house, where she told the occupant to call the police because the victim had been kidnapped and appellant was attempting to rape her. The victim heard shots and observed a man later identified as George Neal with a pistol pointed at appellant. The victim went back into the yard, drew her pistol and told appellant he was under arrest. Appellant disregarded her and continued walking toward the victim. As appellant neared the victim Neal told him, "Buddy, if you do it, I will drop you like a rock." Appellant then turned on Neal and after a brief exchange of words appellant got in his car and left. He was traced through the license number on his car and was arrested the following night after a violent fight with the arresting officers.

1. The evidence is sufficient to support appellant's conviction of kidnapping and criminal attempt to commit rape. Although the victim got in appellant's car voluntarily, once he refused to let her out of the car and held her against her will, a kidnapping occurred. *Rubiano v. State,* 147 Ga. App. 142, 143 (2) (248 SE2d 207) (1978). Contrary to appellant's assertion, a kidnapping may be committed without the use of a deadly weapon, *Bill v. State,* 153 Ga. App. 131, 133 (2) (264 SE2d 582) (1980), and only the slightest movement of the victim is required to constitute the necessary element of asportation. *Brown v. State,* 132 Ga. App. 399, 401 (208 SE2d 183) (1974).

As to the criminal attempt to commit rape, appellant's statements to the victim and his actions in the car indicate that appellant was attempting to rape the victim. Thus, we find the evidence sufficient to meet the requirements of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) and to support appellant's conviction of these two offenses.

2. a. Appellant contends the trial court erred in its original charge to the jury by excluding asportation as an element of the

offense of kidnapping. Appellant waived his right to object to this portion of the court's charge by failing to respond to the court's inquiry as to whether either counsel had objections to the charge. *White v. State,* 243 Ga. 250, 251 (253 SE2d 694) (1979); *Brown v. State,* 154 Ga. App. 358, 359 (268 SE2d 731) (1980).

b. Appellant contends that the trial court erroneously charged the jury that the mere solicitation by a man of a woman to have sexual intercourse does not warrant a conviction of criminal attempt to commit rape when there was no intention by the man to have carnal knowledge of the woman forcibly and against her will. However, appellant requested this charge and it was given in substantially the same language as requested by appellant. Thus, "[a]ny error in this charge, if there was error, was induced by the defense, and cannot constitute reversible error." *Davis v. State,* 238 Ga. 239 (232 SE2d 235) (1977).

c. At the request of the jury, the court recharged the jury on the offense of kidnapping as follows: "Now, the definition, Ladies and Gentlemen, of kidnapping is as follows: § 26-1311. A person commits kidnapping when he abducts or steals away any person without lawful authority or warrant, and holds such person against his will, and then I further charged you, if you remember, that if you find that the prosecutrix . . . did voluntarily enter the automobile or motor vehicle of the Defendant, but later on asked to get out, and was not allowed to get out, and was detained in the motor vehicle, for any period of time, and you believe that beyond a reasonable doubt, then that would be kidnapping under the law."

Appellant argues that the portion of this charge relating to the prosecutrix entering appellant's car voluntarily was error, because it would allow the jury to believe that asportation was not an essential element of kidnapping. We do not agree.

The evidence was undisputed that after the victim asked to get out of the car, appellant continued driving until the car was wrecked. Hence, there was no question of whether the victim was transported in appellant's car, but only whether she was transported and held against her will. It is clear that the trial court was attempting to explain that the abduction or stealing away could occur *after* the victim got in the car voluntarily. Although the trial court's wording may not have been as clear and precise as desired, this court has held that "where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cit.]" *Collins v. State,* 145 Ga. App. 346, 348 (4) (243 SE2d 718) (1978). Since the verdict in the instant case is amply authorized by

the evidence, we find no reversible error in the court's recharge on kidnapping.

d. Appellant contends it was error to give the so-called "dynamite" or Allen charge (Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896)). Although appellant does not complain of the wording of the charge, he contends it was given prematurely, was coercive and there was no indication that the jury was deadlocked.

Regardless of the length of time the jury had deliberated when the Allen charge was given, this court has held: "The length of time a jury may be required to deliberate [before giving the Allen charge] is within the discretion of the trial judge and will not be controlled unless there is a manifest abuse of discretion." *Roberts v. State,* 141 Ga. App. 550, 552 (4) (234 SE2d 138) (1977); *Harris v. Collins,* 149 Ga. App. 638 (255 SE2d 107) (1979). We find no abuse of discretion in the instant case.

The Allen charge given by the court was in substantially the same language that was approved in *Ponder v. State,* 229 Ga. 720 (2) (194 SE2d 78) (1972), and appellant's contention that the charge was coercive is without merit. See *Spaulding v. State,* 232 Ga. 411, 414 (207 SE2d 43) (1974); *Barnes v. State,* 245 Ga. 609, 611 (5) (266 SE2d 212) (1980).

3. Appellant contends he was denied effective assistance of counsel because of his counsel's failure to object to inadmissible testimony, his failure to move for a directed verdict of acquittal, his failure to object to improper charges and by eliciting from appellant evidence of his prior arrests and convictions.

"Although another lawyer may have conducted the defense in a different manner, asked different questions, called different witnesses, or taken another course of action, the fact that the defendant's attorney made decisions during the trial with which the defendant and his current counsel now disagree, does not require a finding that the original representation of defendant was so inadequate as to amount to a denial of effective assistance of counsel." *Harrell v. State,* 139 Ga. App. 556, 557 (2) (228 SE2d 723) (1976); *Lewis v. State,* 246 Ga. 101, 105 (268 SE2d 915) (1980). Our examination of the record shows that appellant's counsel conducted vigorous cross-examination, made numerous objections and presented a vigorous defense, including the appearance of several defense witnesses. In short, appellant's counsel was well prepared for trial.

In regard to appellant's complaint that his counsel elicited evidence of prior arrests and convictions, this information was first raised by appellant himself, not by his counsel. In response to a question by his counsel as to how he would have conducted himself if

the GBI agents had told appellant that he was under arrest, appellant answered: "I would have been cooperative. I have never resisted arrest in my life, *and I have been arrested before* but never caused any trouble." (Emphasis supplied.) Thus, this matter was raised by appellant's unresponsive answer to his counsel's question. The contention that appellant was denied effective assistance of counsel is without merit.

4. Lastly, appellant contends the prosecuting attorney was guilty of misconduct because on cross-examination of appellant, the prosecuting attorney left the jury with the false impression that appellant had a conviction for sexual battery, when the prosecuting attorney knew that the adjudication (of guilt) had been withheld, as testified to truthfully by appellant on direct examination. Appellant made no objection to such cross-examination at trial, and matters not objected to at trial cannot be raised for the first time on appeal. *Scott v. State,* 243 Ga. 233, 234 (253 SE2d 698) (1979).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MAY 3, 1983 —
REHEARING DENIED MAY 18, 1983.

*E. T. Hendon, Jr., Bryan M. Cavan,* for appellant.
*Thomas J. Charron, District Attorney,* for appellee.