## A92A2008. TEASLEY v. THE STATE.
(429 SE2d 127)

JOHNSON, Judge.

Roy Lee Teasley appeals from his conviction of child molestation and the denial of his motion for a new trial.

1. Teasley contends that there was insufficient evidence to support his conviction. This contention is without merit. The child victim testified that a man who she referred to as "Salt Dog" and later identified in court as Teasley, touched her on her breasts and in her genital area. At the time the incident occurred, the victim was seven years old. Additional evidence was presented by Teresa Maxwell, a behavioral therapist and teacher in a program in which the victim was enrolled. Maxwell observed the child, noting "severe behavior problems." She initiated a conversation with the child in an attempt to find out what was causing the behavior. After counseling, Maxwell suspected that the child was being sexually abused, and initiated further investigation. Maxwell recounted what the victim told her regarding the sexual abuse inflicted upon her by Teasley. After a review of the entire record, we find that there was sufficient evidence such that a rational trier of fact could have found Teasley guilty of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Teasley further contends that the trial court erred in refusing to give his requested charge on sexual battery as a lesser included offense of child molestation. We disagree.

"OCGA § 16-1-6 together with OCGA § 16-1-7 contain the standards for determining if one offense is included in another as a matter of fact or as a matter of law. They are alternative and not conjunctive. Paragraph (1) of § 16-1-6 sets out the rules for determining included crimes as a matter of fact and paragraph (2) treats those included as a matter of law." (Citations and punctuation omitted.) *Shuler v. State*, 195 Ga. App. 849, 850 (395 SE2d 26) (1990). As a matter of law, a crime is included in another if it is shown that "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6 (2). Sexual battery does not differ from child molestation in the manner set forth in OCGA § 16-1-6 (2). The crimes of child molestation and sexual battery have different elements and protect different classifications of victims. See generally *Whiteley v. State*, 188 Ga. App. 129 (5) (372 SE2d 296) (1988); see also *Barnes v. State*, 244 Ga. 302 (1) (260 SE2d 40) (1979). Accordingly, the offense of sexual battery is not included in the offense of child molestation as a matter of law.

Likewise, sexual battery is not included in child molestation as a

matter of fact. A crime is included within another charged crime as a matter of fact if "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." OCGA § 16-1-6 (1). "[W]here the defendant is charged by a narrowly drawn indictment with a specific crime it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative, separate offense." (Citations and punctuation omitted.) *Shuler*, supra at 850. The indictment in this case provides: "between January 1, 1988 and February 25, 1988 [Teasley] . . . did . . . unlawfully commit an indecent act, to wit: accused placed his hand on the breast of . . . a child under 14 years of age, with intent to satisfy the sexual desires of said accused." The indictment in this case is narrowly tailored to the crime of child molestation. See OCGA § 16-6-4 (a). The indictment taken together with the evidence indicates that sexual battery was not a lesser included offense of child molestation in this case as a matter of fact. We find no error in the trial court's refusal to charge the jury on the law of sexual battery for such a charge was not authorized by the law or the evidence.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 10, 1993.

*Robert W. Lavender, Michelle C. Feinberg,* for appellant.
*Lindsay A. Tise, Jr., District Attorney, John H. Bailey, Jr., Assistant District Attorney,* for appellee.