## A93A0281. PROPER v. THE STATE.
### (431 SE2d 133)

JOHNSON, Judge.

A jury found John Proper guilty of one count of child molestation and one count of sexual battery arising out of two separate incidents involving his eight-year-old stepdaughter.[1] Proper appeals from his conviction and the denial of his motion for a new trial.

1. Proper alleges that the trial court erred in granting the state's motion in limine excluding any reference to a previous incident of molestation which did not involve him. Proper sought to have the earlier incident admitted to support his theory that the victim was "confusing" the events. In *Hall v. State*, 196 Ga. App. 523 (396 SE2d 271) (1990) the state filed a similar motion in limine seeking to prevent the introduction of evidence of a prior unrelated molestation. The defendant in that case sought introduction of the evidence, not to show the victim's reputation for nonchastity or preoccupation with sex, but to establish other possible causes for the behavioral symptoms exhibited by the child. In reversing the trial court and carving out an exception to the long-standing rule barring introduction of evidence of prior sexual conduct established in *Deen v. State*, 216 Ga. 387 (116 SE2d 595) (1960), this court held: "Testimony regarding the syndrome and all the child's symptoms and injuries having been properly admitted, the evidence regarding other possible causes of her behavior and injuries was necessary to prevent the jury from reaching the unwarranted conclusion that the only possible explanation for the medical findings and the existence of behavior consistent with the child sexual abuse accommodation syndrome was that the victim had been molested by appellant." *Hall*, supra at 525. In this case Proper urges us to expand the exception created in *Hall*, arguing that the evidence should have been allowed to explore whether the victim was

---

[1] Though not raised as an issue in this appeal, we note that sexual battery is not a lesser included offense of child molestation as a matter of law. See *Teasley v. State*, 207 Ga. App. 719 (429 SE2d 127) (1993). Therefore, in a case such as this where the defendant is indicted only for child molestation, there would never be any reason for the court to charge the jury on sexual battery as a lesser included offense. Such a charge would be error.

confused.

The child testified at trial that while in her parents' bed, Proper fondled her vagina, placed his penis between her legs, and tried to place his penis in her mouth. She also testified regarding an incident when Proper had rubbed her between her legs while she was lying on the sofa. During cross-examination, defense counsel had the opportunity to explore his theory that the victim was confused about the events forming the allegations in the case. Because a mechanism for pursuing his theory was already available, we find no reason to expand the limited exception created in *Hall*, supra.

2. Proper also alleges that the court erred in charging that the law requires "equal" theories to support an acquittal in regard to cases of circumstantial evidence. This charge was approved in *Fleming v. State*, 137 Ga. App. 805 (1) (224 SE2d 792) (1976). It is also the pattern charge. It must also be noted that there was both direct and circumstantial evidence presented in this case. The complained-of charge would have been more appropriate in a case which relied solely on circumstantial evidence. "Nevertheless, the charge can only be considered as beneficial to the defendant." Id. at 806 (1). We find no error with the charge as given.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 13, 1993.

*McCamy, Phillips, Tuggle & Fordham, Stephen A. Williams, Robert H. Smalley III*, for appellant.

*Jack O. Partain III, District Attorney, David W. McLeod, Assistant District Attorney*, for appellee.