A93A0981. DUCK v. THE STATE.
(435 SE2d 725)

JOHNSON, Judge.

Wesley Ray Duck was convicted of aggravated child molestation and cruelty to children. He was sentenced to serve 20 years for aggravated child molestation, 20 years probation for cruelty to children, and ordered to pay a $5,000 fine as a condition of his probation. Duck appeals his convictions, the denial of his motion for a new trial, and his sentences.

1. Duck contends that the State failed to prove guilt beyond a reasonable doubt and that the evidence was close enough to warrant a retrial. We disagree.

"On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to support that verdict." *Hall v. State*, 196 Ga. App. 523, 524 (396 SE2d 271) (1990). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In this case, three witnesses saw Duck, the victim's father, molest the victim on at least three different occasions. The victim testified that Duck touched her in her "private parts" and that he put his penis in her mouth. The victim's stepmother saw Duck and the victim sleeping together with Duck's penis in the victim's mouth. The victim's 12-year-old brother saw Duck standing by the victim's bed with his pants down while pulling the victim's head toward his penis. Both the victim and her stepmother heard Duck threaten to physically harm the victim if she told anyone about the molestation. The psychiatrist who evaluated and treated the victim concluded that the victim exhibited behavior

consistent with a child who had been sexually abused. Having carefully considered this and the rest of the record, we find that the evidence presented was sufficient beyond any reasonable doubt to enable a rational trier of fact to convict Duck of aggravated child molestation and cruelty to children.

2. Duck also contends that the trial court erred in not allowing him to ask the State's expert witness, a psychiatrist, about other possible causes of the victim's behavior and injuries. Specifically, Duck argues that he should have been allowed to ask the psychiatrist about molestation allegedly committed by another person and whether it could have been the cause of the victim having symptoms of post-traumatic stress disorder and child abuse accommodation syndrome. Without articulating a reason, the trial court ruled that the line of questioning was impermissible.

"[E]vidence of a prior molestation or previous sexual activity on the part of the victim is not relevant in a child molestation case to show either the victim's reputation for nonchastity or her preoccupation with sex." (Citation omitted.) *Hall*, supra at 525 (2). However, one purpose for which such evidence of prior molestations is admissible is to show other possible causes of behavior by the victim, consistent with the child sexual abuse syndrome. *Rouse v. State*, 204 Ga. App. 845, 846 (1) (420 SE2d 779) (1992); *Hall*, supra.

In his brief, Duck states that his intended purpose for soliciting testimony regarding molestation by others was to suggest other possible causes of the victim's behavior and injuries. If in fact that was Duck's purpose,[1] Duck should have been allowed to ask questions regarding other possible causes of the victim's behavior. However, where the appellant was allowed a thorough and sifting cross-examination of the witness, and the disallowed questions were posed to and answered by other witnesses, the appellant was not harmed by the court's ruling. *Moore v. State*, 251 Ga. 499, 502 (2) (a) (307 SE2d 476) (1983). Furthermore, the scope of cross-examination is not unlimited, but rests largely within the discretion of the trial court, and its discretion will not be disturbed on appeal unless it has been abused. Id. Duck's attorney was allowed to ask the psychiatrist questions regarding other possible causes of the victim's stress, including whether the molestation could have been committed by someone else. In addition, Duck was allowed to ask the same and similar questions regarding the other alleged molester when he cross-examined the victim and the victim's stepmother. The trial court did not abuse its discretion in restricting Duck's cross-examination of the psychiatrist.

---

[1] At trial, Duck stated that the purpose for soliciting the testimony was to discredit the stepmother's testimony.

3. Duck also contends that the trial court erred in allowing one of the State's witnesses to testify as to statements the victim made during juvenile court proceedings. We disagree.

"A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." OCGA § 24-3-16 (the Child Hearsay Statute). The victim in this case was six-and-one-half years old at the time she made the statement. Her statement was made under oath to the district attorney in a deprivation proceeding in juvenile court approximately four months before Duck's trial. Duck and his attorney were present at the time. The district attorney to whom the statement was made testified at the trial, in part reading directly from the transcript and in part testifying from memory. The juvenile court statement was consistent with the victim's trial testimony and with other statements she made to witnesses. Considering all of the circumstances surrounding the statement, we find that there was sufficient indicia of reliability for the statement to be admissible. See *Gregg v. State*, 201 Ga. App. 238 (411 SE2d 65) (1991). Furthermore, if defense counsel had the opportunity to confront and cross-examine the witness who made the out-of-court statement, the statement was admissible. *Calloway v. State*, 199 Ga. App. 272, 273 (2) (404 SE2d 811) (1991). Here, the victim took the stand and testified. Duck had the opportunity to and did, in fact, cross-examine the witness who made the out-of-court statement. Thus, the statement was properly admitted.

4. Duck also argues that the trial court erred in refusing to give his requested charge on sexual battery as a lesser included offense of child molestation. We recently decided this issue adversely to Duck.

"As a matter of law, a crime is included in another if it is shown that it differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission. OCGA § 16-1-6 (2). Sexual battery does not differ from child molestation in the manner set forth in OCGA § 16-1-6 (2). The crimes of child molestation and sexual battery have different elements and protect different classifications of victims. Accordingly, the offense of sexual battery is not included in the offense of child molestation as a matter of law." (Citations and punctuation omitted.) *Teasley v. State*, 207 Ga. App. 719 (2) (429 SE2d 127) (1993).

Sexual battery is not a lesser included offense of child molestation as a matter of fact, either. As we held in *Teasley*, "[a] crime is included within another charged crime as a matter of fact if it is es-

tablished by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged. Where the defendant is charged by a narrowly drawn indictment with a specific crime it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative, separate offense." (Citations and punctuation omitted.) Id. at 720. Here, the indictment specifically provided that the indecent act was committed upon "a child under the age of 14 years." As with the child molestation statute, the indictment was narrowly drawn to pertain only to a crime against a child. See OCGA § 16-6-4 (a). Similarly, the evidence adduced at trial proved the crime of child molestation rather than sexual battery. Because the charge of sexual battery was not authorized as a matter of law or fact, the trial court did not err in refusing to give the charge.

5. Duck also contends that the trial court erred in relying upon the new sentencing guidelines set forth in OCGA § 42-9-45 (f), which were not in effect at the time the crimes were committed. Imposition of these guidelines, Duck argues, violated the prohibition against ex post facto laws and resulted in his receiving an unduly harsh sentence. This argument is without merit.

The statutes which were in effect at the time the crimes were committed provide that a person convicted of aggravated child molestation shall serve from two to thirty years for the crime, and that a person convicted of cruelty to children shall serve from one to twenty years. OCGA §§ 16-6-4 (d); 16-5-70 (c). The court may also require the payment of a fine as a condition precedent to probation. OCGA § 42-8-34 (e). Duck was sentenced to 20 years for aggravated child molestation, 20 years probation for cruelty to children, and ordered to pay a fine as a condition of his probation. Duck's sentences and fine were within the statutory parameters in effect at the time the crimes were committed. Therefore, the issue of whether the trial court improperly relied upon the newer guidelines set forth in OCGA § 42-9-45 (f) is irrelevant.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 9, 1993.

*Greene & Greene, Barry B. Greene*, for appellant.

*T. Joseph Campbell, District Attorney, Brett W. Ladd, D. Scott Smith, Assistant District Attorneys*, for appellee.