A93A1612. LANDRUM v. THE STATE.
(436 SE2d 40)

BIRDSONG, Presiding Judge.

Ken Landrum appeals his conviction for child molestation and aggravated child molestation of three children who are his step-

nephew, E. L., age thirteen, and his nieces, D. L., age ten, and A. L., age five. All incidents were alleged to have occurred between January 1, 1989 and July 30, 1990. *Held:*

1. The State's motion to dismiss the appeal is denied.

2. Appellant contends the trial court erred by denying his plea in bar to the charges regarding A. L., because those acts were originally charged against appellant in juvenile court as acts committed while he was under the age of 17, and were not transferred to superior court. The juvenile court transferred to superior court the charges regarding E. L. upon finding that those acts occurred while appellant was under 17 years of age (OCGA § 15-11-2 (2) (A)) and were within the jurisdiction of the juvenile court and amenable to transfer.

Contrary to what appellant infers, the trial court did not transfer jurisdiction of the charges regarding the niece, D. L., as it found those acts occurred while appellant was 17 years old and not within juvenile court jurisdiction. OCGA §§ 15-11-2 (2) (A); 15-11-5 (a) (1). This means the charges regarding D. L. were under the superior court's original jurisdiction. Nothing prevented the superior court from prosecuting appellant for those acts and appellant does not so contend. However, appellant urges that because the juvenile court "decline[d] to take any action" as to the charges regarding his other niece, A. L., jurisdiction of those charges was never transferred to the superior court.

The reason the juvenile court "decline[d] to take any action" as to the charges regarding A. L. was that there was no evidence presented as to when those acts were committed, so the juvenile court could not determine that those acts occurred when appellant was under 17 years of age. At the bottom of appellant's contention that superior court could not have jurisdiction of the charges regarding A. L. unless they were transferred by juvenile court is his presumption that the acts were committed when he was younger than 17 and that the juvenile court therefore had jurisdiction; or he assumes that if the juvenile court considers the matter it assumes some sort of jurisdiction of which it must divest itself by transferring the charges to superior court. However, the juvenile court's finding that no evidence was presented that the acts were committed when appellant was younger than 17 amounts to a finding that the juvenile court did not have exclusive original jurisdiction. OCGA § 15-11-5 (a); see § 15-11-5 (d). Therefore, the superior court had original jurisdiction of those acts. It was not necessary to transfer the charges to that court, and the trial court did not err in denying appellant's plea in bar to prosecution in that court for his acts against A. L.

It follows that the trial court did not err in reading to the jury the indictment as to A. L. The trial court's corrective action limiting the jury's consideration to acts committed after appellant's seven-

teenth birthday cures any possible defect in prosecution of appellant for acts against A. L.

3. The trial court did not err in denying appellant's pretrial request that he have 42 jurors in the array rather than 30 jurors as now provided by OCGA § 15-12-160, enacted Ga. Laws 1992, p. 1981, § 1. Nothing in this statute, as amended, indicates that it is intended to have retroactive application. Appellant has not persuaded us that the right to 12 additional jurors in the array is a substantive right; indeed, the legislature has determined that 30 jurors are sufficient to satisfy the criminal defendant's due process and procedural rights. Moreover, this challenge to jury array was not in writing (OCGA § 15-12-162), so the trial court does not err in denying it. *Terrell v. State*, 201 Ga. App. 628, 629 (411 SE2d 779); *King v. State*, 201 Ga. App. 391, 392 (3) (411 SE2d 278).

4. The trial court did not commit reversible error in stating in the presence of the jury the law concerning the child hearsay exception as set forth in OCGA § 24-3-16. The trial court was merely explaining the basis of its ruling allowing certain testimony based on "indicia of reliability," and did not overtly express an opinion on the credibility of the witness or the truth of the evidence thus admitted. See *Wills v. State*, 169 Ga. App. 260 (312 SE2d 367). Moreover, the court later instructed the jury not to consider any ruling made by the court in its verdict, and adequately instructed the jury in their role as judges of the credibility of witnesses.

5. Appellant contends the trial court erred in denying him a thorough and sifting cross-examination of a witness as to an investigation in another city, and in sustaining the State's objection to cross-examination of the witness as to how and when E. L. first made his accusation against appellant. Appellant contends his questions pertained to the witness' explanation for the delay in issuing warrants, but the record shows the questions were directed to reveal sexual activity of other persons than appellant or molestation of one of the victims by other persons, which were irrelevant to appellant's guilt in this case. *Chastain v. State*, 180 Ga. App. 312 (349 SE2d 6), aff'd 257 Ga. 54 (354 SE2d 421). The trial court did not abuse its discretion in this matter. *Moore v. State*, 251 Ga. 499 (307 SE2d 476).

6. The trial court did not err in refusing the written request to charge that sexual battery is a lesser included offense of child molestation and aggravated child molestation. The requisite of sexual battery is mere "physical contact" with certain parts of the body (OCGA § 16-6-22.1), which is akin to simple battery. OCGA § 16-5-23. Even if sexual battery can, as a matter of fact, be included in child molestation, the trial court was not required to so charge the jury. According to the evidence appellant committed child molestation or he did nothing; he did not merely have "physical contact" with parts of the

victims' bodies rather than fondle them with intent to arouse or satisfy his sexual desires. See *Brooks v. State,* 197 Ga. App. 194 (397 SE2d 622). Nothing to the contrary is held in *Green v. State,* 206 Ga. App. 539 (426 SE2d 65).

7. Appellant contends the trial court erred in allowing the victims' father and stepfather to testify that he would not believe appellant's testimony on oath. Appellant put his character in issue by offering his own witnesses to attest to his good character, thus opening the door for the State to submit evidence in rebuttal. *Chadwick v. Smith,* 227 Ga. 753 (182 SE2d 896). That appellant, questioning his own witnesses, did not go so far as to ask if they would believe him under oath does not prevent appellee from asking the same in rebuttal to appellant's good character evidence.

8. We find the evidence sufficient to persuade the rational trier of fact of appellant's guilt of the offenses charged, beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). On appeal of a guilty verdict, the defendant no longer enjoys a presumption of innocence, for the jury has made its determination; we do not weigh the evidence again but adjudge it in favor of the jury's finding. See *Miller v. State,* 201 Ga. App. 374, 375 (411 SE2d 112); *Belcher v. State,* 201 Ga. App. 139, 142 (410 SE2d 344). The jury has reconciled the evidence and has determined the truth of it; therefore, appellant is not entitled to a retrial merely because, in his estimation, it was a "close" case.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 15, 1993.

*Greene & Greene, Barry B. Greene,* for appellant.
*T. Joseph Campbell, District Attorney, D. Scott Smith, Assistant District Attorney,* for appellee.