A93A2555. PERKINS v. THE STATE.
(441 SE2d 511)

MCMURRAY, Presiding Judge.

Defendant was convicted of child molestation, cruelty to children and peeping Tom. The trial court merged the peeping Tom conviction with the cruelty to children conviction and sentenced defendant to serve 15 years in confinement for cruelty to children to be followed by 15 years on probation for child molestation. Defendant moved for a new trial. The motion was denied and defendant appealed. *Held*:

1. On the eve of trial, defendant sought and obtained a psychiatric evaluation to determine his competency to stand trial. Based on the results of the evaluation, defendant was deemed competent and the case went on in spite of defense counsel's assertions that defendant was unable to assist with his defense. In the midst of the trial, but outside the presence of the jury, defendant physically attacked the assistant district attorney without provocation. After defendant was subdued, defense counsel moved for a mistrial, arguing that defendant was not in his right mind. The trial court denied the motion.

Defendant raised the issue of his competency in his motion for a new trial and the parties presented evidence in that regard. The trial court did not make a specific finding with regard to defendant's competency; it simply denied the motion for a new trial.

Defendant asserts the trial court erred in failing to grant his motion for a mistrial and hold a hearing on the issue of competency. See

*Baker v. State*, 250 Ga. 187, 190 (297 SE2d 9) (if at any time while criminal proceedings are pending, the trial court observes facts raising doubt as to competency of defendant, the issue of competency should be settled without delay). Based on the evidence presented at pre-trial and post-trial proceedings, it cannot be said that the trial court erred in failing to conduct a competency hearing in the midst of trial. *Hosick v. State*, 262 Ga. 432, 434 (3) (421 SE2d 65). See also *Harris v. State*, 256 Ga. 350, 351 (2), 352 (349 SE2d 374) (fact that trial court went forward with trial after considering testimony concerning defendant's competency is sub silentio finding of competency).

2. Defendant enumerates error upon the failure of the trial court to sever Count 1, charging him with molesting his three-year-old niece, from Counts 2 and 3, charging him with cruelty to children and peeping Tom as to a thirteen-year-old girl that he followed into the bathroom at a movie theater. In this connection, he argues that the child molestation charge and the cruelty to children and peeping Tom charges are unrelated and points out that they occurred approximately four months apart.

"[A] defendant has a right to severance 'where the offenses are joined solely on the ground that they are of the same or similar character . . . "because of the great risk of prejudice from a joint disposition of unrelated charges." ' [Cits.] However, where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance 'lies within the sound discretion of the trial judge since the facts in each case are likely to be unique.' [Cits.]" *Coats v. State*, 234 Ga. 659, 662 (4) (217 SE2d 260).

The evidence demonstrated that the cruelty to children and peeping Tom charges stemmed from sexual acts: Defendant peered at the 13-year-old girl when she went into the bathroom stall and he tried to open the stall door. (The girl testified that she saw defendant looking at her and that she was terrified by the entire experience. She also testified that she thinks about the incident every day and continues to suffer mental anguish.) Thus, the child molestation and the cruelty to children and peeping Tom charges were predicated upon acts constituting a single scheme or plan to prey upon young female victims and satisfy the sexual desires of defendant. It cannot be said that the trial court abused its discretion in denying defendant's motion to sever.

3. The trial court did not err in admitting similar transaction evidence consisting of the molestation of defendant's former stepdaughter. The evidence corroborated the victims' testimony by demonstrating defendant's lustful disposition and his propensity to seek sexual gratification from young girls. See *Warren v. State*, 95 Ga. App. 79, 80 (1a) (97 SE2d 194).

4. Defendant asserts the trial court erred in refusing to grant a motion for mistrial because the assistant district attorney referred to a similar transaction in his opening statement (involving yet another girl of tender years) but evidence of that transaction was not presented (because the girl could not recount the circumstances). We find no error.

After the girl took the stand, the parties stipulated, and the trial court instructed the jury, that the girl's testimony, such as it was, added nothing to the case one way or the other. Thereafter, the State called additional witnesses to the stand and rested. The defense rested without calling any witnesses and court was adjourned. It was not until the next day that defendant moved for a mistrial.

The motion for a mistrial was not timely and must be considered waived because of the delay in making it. *Worley v. State*, 201 Ga. App. 704, 705 (411 SE2d 760). Even if the motion had been timely, we would find no error because the assistant district attorney's opening statement does not appear in the record. Thus, we have no way of knowing just what the assistant district attorney said about the girl's expected testimony and we cannot discern whether defendant was prejudiced by his remarks.

5. The trial court did not err in instructing the jury in a pre-evidentiary charge that defendant "may also present evidence, but . . . is not obligated to do so. The burden is always on the State to prove each essential element of each of the offenses charged beyond a reasonable doubt. The law never imposes upon the Defendant in a criminal case the burden of testifying, calling any witnesses, or introducing any evidence." See *Rowe v. State*, 162 Ga. App. 742 (293 SE2d 358); *Jones v. State*, 137 Ga. App. 612 (2) (224 SE2d 473).

6. The trial court did not err in refusing to charge the jury on sexual battery. "[S]exual battery is not a lesser included offense of child molestation as a matter of law. See *Teasley v. State*, 207 Ga. App. 719 (429 SE2d 127) (1993). Therefore, in a case such as this where the defendant is indicted only for child molestation [with regard to his niece], there would never be any reason for the court to charge the jury on sexual battery as a lesser included offense. Such a charge would be error." *Proper v. State*, 208 Ga. App. 471, n. 1 (431 SE2d 133).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED FEBRUARY 28, 1994.

*David C. Butler*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy*

*I. Jordan, Assistant District Attorneys*, for appellee.