## A94A1126. ROSS v. THE STATE.
(448 SE2d 52)

SMITH, Judge.

Jody Scott Ross was charged with the offense of battery, OCGA § 16-5-23.1, in that he caused visible bodily injury to the victim. He was convicted in a bench trial of simple battery, OCGA § 16-5-23. He contends his conviction cannot stand because he was convicted of a crime that was not charged and was not a lesser included offense of the crime charged.

" 'It is an elementary principle of criminal procedure that no person can be convicted of any offense not charged in the indictment. There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense.' [Cit.]" *Smith v. State*, 202 Ga. App. 664, 665 (415 SE2d 481) (1992).

OCGA § 16-5-23.1 (a) provides that "[a] person commits the offense of battery when he intentionally causes substantial physical harm or visible bodily harm to another." OCGA § 16-5-23 (a) provides that "[a] person commits the offense of simple battery when he either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another."

Where the greater offense charged includes all the essential averments of the lesser offense, the lesser offense may be an included one. See generally *Washington v. State*, 190 Ga. App. 143, 144 (378 SE2d 381) (1989). Simple battery could be a lesser included offense of battery, when the defendant is charged with intentionally causing visible bodily harm and the State does not prove that the harm was visible.

Ross asserts that in this case he was convicted of simple battery by intentionally making physical contact of an insulting or provoking nature with the person of the victim, under OCGA § 16-5-23 (a) (1), which is not a lesser included offense of battery. However, the record on appeal indicates only that he was found guilty "of [the] lesser included offense of simple battery." Ross has not furnished this court with a transcript of the proceedings, and this court will not consider factual assertions in the brief unsupported by the record. Neither will we assume error. " 'Since this is a court for correction of errors of law, our decision must be made upon the record and not upon briefs of counsel. Where there is nothing in the record to support the contention of error, there is nothing presented to this court for review.' . . . [Cit.]" *State v. Cobb*, 208 Ga. App. 752, 753 (432 SE2d 112) (1993).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED AUGUST 5, 1994.

*Robert Greenwald*, for appellant.
*Keith C. Martin, Solicitor*, for appellee.