A95A0247. SHEPHERD v. THE STATE.
(459 SE2d 608)

POPE, Presiding Judge.

Defendant was charged with the offense of child molestation, and following a bench trial, was convicted of sexual battery. Citing *Teasley v. State*, 207 Ga. App. 719 (429 SE2d 127) (1993) and *Proper v. State*, 208 Ga. App. 471, n. 1 (431 SE2d 133) (1993), defendant argues the trial court was without authority to convict him of sexual battery because that offense is not a lesser included offense of child molestation, either as a matter of fact or of law. See also *Perkins v. State*, 212 Ga. App. 225, 227 (6) (441 SE2d 511) (1994); *Duck v. State*, 210 Ga. App. 205, 207 (4) (435 SE2d 725) (1993). However, we need not reach the issue of whether these cases require reversal of defendant's conviction. The transcript shows that prior to the court pronouncing defendant guilty of sexual battery, the following colloquy between the court and counsel occurred: The trial judge: "Isn't sexual battery a lesser included offense of child molestation?" State's attorney: "No, Your Honor." Defendant's attorney: "Depends on the facts. It's not as a matter of law. It can be." Following several other comments by the State's attorney, the trial court announced defendant guilty of the offense of sexual battery. No objection was heard from the defendant at that time.

In *Griffith v. State*, 188 Ga. App. 789 (374 SE2d 359) (1988), defendant was indicted for child molestation and convicted of simple battery. On appeal he contended that since simple battery is not a lesser included offense of child molestation, and he was not indicted

for the offense of simple battery, his conviction for that offense was not authorized. However, this court rejected that contention, finding that any error had been induced by defendant's conduct in requesting a charge on simple battery. Id. We find this analysis to be controlling in the case at bar. As noted above, defendant in this case indicated to the court that sexual battery could be a lesser included offense of child molestation and posed no objection when the court found defendant guilty of that offense. "Appellant cannot ignore at trial what he thinks is an injustice, take his chances on a favorable verdict, and complain later, nor can he complain on appeal of error that he induced. [Cits.]" *Hall v. State*, 189 Ga. App. 267, 268 (2) (375 SE2d 460) (1988); *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975); *Helton v. State*, 166 Ga. App. 662, 664 (2b) (305 SE2d 592) (1983); *Vick v. State*, 166 Ga. App. 572, 573 (2) (305 SE2d 17) (1983); *Wright v. State*, 162 Ga. App. 60 (290 SE2d 163) (1982). Defendant's conviction for the offense of sexual battery is affirmed.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur specially.*

BEASLEY, Chief Judge, concurring specially.

I concur in the affirmance of the judgment but for a different reason than expressed by the majority opinion.

1. I agree with Judge Ruffin that the issue of the validity of the conviction was not waived at trial or precluded from review by an "induced error" rule. *Griffith v. State*, 188 Ga. App. 789 (374 SE2d 359) (1988), is distinguishable. Unlike Shepherd's case, *Griffith* involved a specific request by defendant that the jury be charged that it consider the evidence and return a verdict of guilty or not guilty of simple battery. Since Shepherd's trial was before a judge, there was no jury charge, and as the special concurrence persuasively sets out, no "inducement." Left for a jury charge case is a full exploration of whether *Griffith* should be overruled.

2. The question goes back to *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976), a case in which the Supreme Court held that under the facts of *that* case, simple battery as defined in the Code is not a lesser crime included in the crime of child molestation (the charge in the indictment) as defined in the Code. Thus it was not error for the judge to fail to charge on simple battery.

Here the trial court, in a bench trial, orally reviewed the evidence and concluded that defendant touched the little girl in a private part, but the court was reluctant to find that child molestation had occurred. The court inquired if sexual battery was a lesser included offense, the State said it was not and cited *Landrum v. State*, 210 Ga. App. 275, 277 (6) (436 SE2d 40) (1993), defendant's counsel said it depended on the facts, and the court found defendant guilty of sexual

battery. Thus it appears that at Shepherd's trial, the State, the defense counsel, and the court all agreed that sexual battery could be a lesser included offense of child molestation as a matter of fact. That is certainly understandable, given *Landrum*.

*Landrum*, written the same year as *Duck v. State*, 210 Ga. App. 205 (435 SE2d 725) (1993), cited by the majority and appearing in the same volume of the official reports, left open the possibility that sexual battery could, as a matter of fact, be included in child molestation; there just was not evidence of merely sexual battery in *Landrum*.

*Teasley v. State*, 207 Ga. App. 719, 720 (429 SE2d 127) (1993), the sole case on which *Duck* depends for the statement that the crimes have different elements and protect different classifications of victims, held that because of the narrowly drawn indictment and the evidence, sexual battery was not a lesser included offense in that case as a matter of fact. *Teasley* did not say that sexual battery could never be a lesser included offense in cases in which the defendant was indicted for child molestation.

*Teasley* first concludes that sexual battery is not included in child molestation as a matter of law, based on an application of OCGA § 16-1-6 (2). With that I agree. According to this statute, a crime is included in another if it is shown that "[i]t differs from the crime charged only in the respect that . . . a lesser kind of culpability suffices to establish its commission." The elements of child molestation are not those of sexual battery plus something more.

As stated above, *Teasley* also held that sexual battery was not lesser included as a matter of fact in that case. I do not believe that is correct. The facts described at the outset of the opinion show a sexual battery. Teasley intentionally made physical contact with an intimate part of the body of the victim without her consent. The indictment did not have to expressly allege "without consent" because the absence of consent is supplied by the allegation that the victim was under age 14. The law conclusively presumes a child cannot give consent to such an act because of the lack of discernment, as in statutory rape. The *Teasley* opinion does not describe what was deficient in the indictment vis-a-vis sexual battery.

Sexual battery, a misdemeanor of a high and aggravated nature (OCGA § 16-6-22.1), is a lesser included offense of the felony of child molestation (OCGA § 16-6-4) in this case, as a matter of fact. Defendant Shepherd was charged with child molestation in that he did "commit an immoral and indecent act to [and] in the presence of [A. A.], a child under the age of 14 years, with the intent to arouse and satisfy the sexual desires of said accused person, said act being that [defendant] placed his hand on the vagina of [A. A.]." Removing the elements of specific intent leaves sexual battery. That is, charging

defendant with placing his hand on the vagina of A. A. intentionally (i.e., with general criminal intent) would constitute sexual battery if done without her consent. OCGA § 16-6-22.1 (b). Since a person under age 14 cannot legally consent, this element is contained in the indictment for child molestation. Defendant was on notice, *McCrary v. State*, 252 Ga. 521, 524 (314 SE2d 662) (1984), and did not contend otherwise.

The circumstances of the touching, and the victim's reaction thereafter, clearly allow the inference that the touching was done without her consent, even without considering the victim's age.

RUFFIN, Judge, concurring specially.

I agree with Chief Judge Beasley that in this case sexual battery is a lesser included offense of child molestation and therefore concur with the affirmance of the judgment. I write separately because I believe the induced error doctrine, relied on by the majority, has no application under the circumstances of this case.

The issue of "induced error" developed when the trial judge asked counsel whether sexual battery is a lesser included offense of child molestation. Shepherd's attorney answered that it "[d]epends on the facts. It's not as a matter of law. It can be." From this response the majority concludes that Shepherd "induced" the error he complains about here and is therefore not entitled to relief. While I agree with the majority that *Griffith v. State*, 188 Ga. App. 789 (374 SE2d 359) (1988) suggests such conclusion, I believe that *Griffith* should be distinguished. In *Griffith*, the defendant submitted a request for the court to charge a different offense, clearly inducing the error. In the instant case, however, Shepherd's counsel simply answered the judge's question, which even if answered incorrectly, does not constitute induced error. Moreover, regardless of whether Shepherd's counsel erred in answering the question, I do not believe the "induced error" doctrine should extend so far as to effect a forfeiture of the fundamental right at stake in this case.

At the outset I concede that the doctrine of "induced error" has grown gray in the law; nevertheless, it should continue to have a place in our jurisprudence. It cannot be disputed that even defendants charged with the most heinous crimes are entitled to due process. The fundamental right to due process is one of our national givens and " '[i]t is axiomatic that a conviction upon a charge not made . . . constitutes a denial of due process.' *Jackson v. Virginia*, 443 U. S. 307, 314 (99 SC 2781, 61 LE2d 560) (1979)." *Crawford v. State*, 254 Ga. 435, 438 (1) (330 SE2d 567) (1985). See also *Ross v. State*, 214 Ga. App. 385 (448 SE2d 52) (1994) (It is an elementary principle of criminal law that no person can be convicted of any offense not charged in the indictment.) The purpose of the requirement is to put the defend-

ant on notice of the crimes he is charged with so that he can prepare for and defend against those crimes at trial and not be surprised by the evidence offered against him. See *Crawford,* supra; *McCrary v. State,* 252 Ga. 521 (314 SE2d 662) (1984). In cases where a defendant is convicted of a lesser included offense, it can be said that he was on notice of the convicted offense because either the elements or the facts of the convicted offense are necessarily included in the charged offense. Id.

Again, due process of law is one of our national givens. See *In re Winship,* 397 U. S. 358 (90 SC 1068, 25 LE2d 368) (1970); *Jackson v. Virginia,* supra. "It is axiomatic that a *conviction upon a charge not made* or upon a charge not tried constitutes a denial of due process. *Cole v. Arkansas,* 333 U. S. 196, 201 (68 SC 514, 92 LE 644) [(1947)]; *Presnell v. Georgia,* 439 U. S. 14 (99 SC 235, 58 LE2d 207) [(1978)]. *These standards no more than reflect a broader premise that has never been doubted in our constitutional system. . . .*" (Emphasis supplied.) *Jackson v. Virginia,* supra at 570. But equally as important as being a national given in our scheme of healthy federalism, due process is also a given recognized by our state since 1861. See Katz, "The History of the Georgia Bill of Rights," 3 Ga. State Law Rev. 83, 107 (1986-1987).

The United States Supreme Court has stated with certainty the importance of the due process right at stake here. In *Cole v. Arkansas,* supra, the Court stated that "[n]o principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal. [Cits.]" Id. at 201. "It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made." Id. (citing *DeJonge v. Oregon,* 299 U. S. 353, 362 (57 SC 255, 81 LE 278) (1936)).

I do not believe that a defendant can forfeit such right by "induced error" in the circumstances of this case. It is primarily and ultimately the duty of the courts to protect a defendant's constitutional rights. See *Davis v. Passman,* 442 U. S. 228 (99 SC 2264, 60 LE2d 846) (1979); *Byars v. United States,* 273 U. S. 28 (47 SC 248, 71 LE 520) (1927). See also 16 CJS 542, 543, § 169. If we say that a defendant forfeits the due process right involved here simply because his attorney answered a question posed by the judge, we are allowing the trial court to disclaim one of its most fundamental duties. Even though this court has previously decided that such right can be forfeited by induced error, I do not believe that induced error is present in the circumstances of this case and the above authority, that the

United States Supreme Court intended that to be the rule, or that the Fourteenth Amendment to the United States Constitution or Art. I, Sec. I, Par. I of the Georgia Constitution allow it. The error, if any, was midwifed into this case, not self-induced.

DECIDED JULY 14, 1995.

*David A. Lamalva*, for appellant.
*Cheryl F. Custer, District Attorney, S. Dabney Yarbrough, Assistant District Attorney*, for appellee.