A95A2263. FLOWERS v. THE STATE.
(468 SE2d 199)

Smith, Judge.

Johnny "Tico" Flowers was indicted on two counts of child molestation, OCGA § 16-6-4 (a), three counts of aggravated child molestation, OCGA § 16-6-4 (c), one count of incest, OCGA § 16-6-22, and two counts of sodomy, OCGA § 16-6-2. He was convicted of three counts of sexual battery, one count of fornication, and three counts of aggravated child molestation. (This trial was the second trial, the first ending in a mistrial due to a hung jury.) His motion for new trial was denied, and he appeals.

1. Flowers contends the evidence was insufficient to enable the jury to convict him of the crimes for which he was convicted. We disagree. Construed to support the verdict, evidence was presented that when J. R., the victim and Flowers's stepdaughter, was around age ten, Flowers rubbed her "bottom," breasts, and vagina, an act that occurred frequently over the next years, both before and after J. R. reached the age of fourteen. J. R. testified that vaginal intercourse began when she was around age 11 and continued until after she reached age 14, and that anal intercourse and sodomy with Flowers began when she was 13 or 14 and continued until after age 14.

While J. R. admitted she did not report the alleged incidents at home, school, or church until April 1992, some time after the alleged events occurred, her delay in reporting the incidents affects only her credibility. Similarly, testimony of the physician who examined J. R. that he found no pelvic abnormalities or evidence of scarring or tearing around the vagina or rectum and that J. R. had been "sexually active" affects only J. R.'s credibility. Although Flowers challenges J. R.'s credibility on appeal, "the weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness for it is the function of the triers of fact to determine to what evidence [they give] credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence." (Citations and punctuation omitted.) *Royal v. State,*

217 Ga. App. 459, 460 (1) (458 SE2d 366) (1995). As in *Roberson v. State*, 214 Ga. App. 208 (447 SE2d 640) (1994), the evidence adduced at trial, though not overwhelming, was sufficient to authorize a rational trier of fact to find Flowers guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. While we find sufficient evidence existed to enable a rational trier of fact to find Flowers guilty beyond a reasonable doubt under the standard of *Jackson v. Virginia*, we find the trial court erroneously admitted expert testimony that improperly bolstered the victim's testimony. We therefore must reverse.

One of the State's witnesses, a former child and adolescent counselor, described the "credibility enhancement technique" used to substantiate allegations of sexual abuse. She testified that a determination regarding the truthfulness of an alleged abuse victim depended on whether she observed the presence of five criteria as a result of interviewing the victim: (1) evidence that multiple sexual incidents had occurred over time; (2) observations that a progression of sexual activities had occurred; (3) observations that the incidents were kept secret; (4) observations that coercion was involved with the incidents; and (5) provision by the alleged victim of explicit details of sexual behavior. She stated, "If an allegation meets all five of the criteria, then we say that meets all of the information that we have that says, yes, sexual abuse did occur." She then described her observations regarding each of the criteria. Although she did not directly state she believed J. R. to have been truthful, the witness did testify that all five criteria were met by J. R. The witness's testimony thus established that she believed J. R. to have been telling the truth. A witness's credibility cannot be bolstered by another's testimony that the witness is telling the truth. "An expert witness may not testify as to his opinion of an ultimate issue of fact unless the inference to be drawn from the evidence is beyond the ken of the jurors. Credibility of a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury. OCGA § 24-9-80. An expert witness may not testify as to his opinion of the victim's truthfulness." (Citations and punctuation omitted.) *Roberson v. State*, 214 Ga. App. at 210 (4), supra. See also *Smith v. State*, 259 Ga. 135, 138 (2) (377 SE2d 158) (1989). Because the essence of the expert's testimony was that she believed J. R. to be telling the truth, her testimony was impermissible.

We recognize that in *Stamey v. State*, 194 Ga. App. 305 (390 SE2d 409) (1990), we found testimony regarding "credibility patterns" of a young sexual abuse victim to be "offensive" but not "a significant addition to [the expert's] main testimony, so as to displace the jury's minds on the issue and usurp their authority." Id. at 306.

*Stamey*, however, was a decision by a single three-judge division of this Court with two of those judges concurring specially. For that reason, it is a physical precedent only, and we are not bound by it. Court of Appeals Rule 33 (a). Also, this case differs in a substantive way from *Stamey*. In *Stamey*, the evidence against the defendant was overwhelming. See also *Moss v. State*, 216 Ga. App. 711, 713-714 (455 SE2d 411) (1995) (challenged testimony, even if objectionable, would not have changed guilty verdict). Here, as noted in Division 1, the evidence against Flowers, like that in *Roberson*, "was not overwhelming and credibility of the witnesses was a key issue in the case." 214 Ga. App. at 210. Moreover, unlike *Stamey*, testimony regarding the "credibility enhancement technique" was not merely an insignificant addition to the expert's main testimony as to J. R.'s credibility but was a major focus of her testimony. The trial court erred in admitting evidence of the "credibility enhancement technique" and in denying Flowers's motion for new trial on this basis.

3. Because other errors enumerated by Flowers may recur on retrial, we address them here. Flowers was not present at the hearing on admission of similar transactions, and his trial counsel stated at the hearing, "I'll waive his presence." The trial court made no further inquiry about Flowers's absence. Because a similar transactions hearing may be evidentiary, Flowers's presence will be required, unless Flowers himself expressly waives his presence at the hearing. See generally *McGinnis v. State*, 208 Ga. App. 354, 357 (4) (430 SE2d 618) (1993).[1]

4. Flowers contends a videotape of J. R.'s statement was erroneously admitted under the Child Hearsay Statute, OCGA § 24-3-16. It is undisputed that J. R. was 16 when she made the statement and that the Child Hearsay Statute applies to statements made by a child under 14, provided certain criteria are met. The statute therefore is inapplicable. Without ruling on the admissibility of the tape, we note that hearsay concerns about the videotape may be satisfied if J. R. is under oath and subject to cross-examination regarding her statement. See *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985).

5. Flowers complains of the trial court's refusal to admit testimony regarding sexual conduct of the victim "which would have presented an alternative explanation . . . that there was sexual penetration." Such evidence is inadmissible under OCGA § 24-2-3, unless

---

[1] We make no ruling here whether the alleged similar transactions are admissible, as that determination depends on the evidence adduced at the hearing conducted by the trial court in accordance with Uniform Superior Court Rule 31.3 and *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). But with regard to Flowers's contention about the availability of a child witness, if the trial court determines similar transaction evidence is admissible, we note that "a child witness is 'available' for purposes of the Child Hearsay Statute as long as the child is physically available to appear at trial. [Cits.]" *Gibby v. State*, 213 Ga. App. 20, 22 (2) (d) (443 SE2d 852) (1994).

the evidence falls within the narrow confines of subsection (c) of that provision.

6. Flowers complains the trial court failed to properly recharge the jury after the jury asked for "clarification of lesser charges, sexual battery and fornication." The court recharged the jury that a lesser included offense of child molestation and incest was fornication and defined the offense of fornication. The court also charged that a lesser included offense of all counts was sexual battery and defined sexual battery. This charge was incorrect. Sexual battery is *not* a lesser included offense of child molestation. *Shepherd v. State*, 217 Ga. App. 893 (459 SE2d 608) (1995) (but see special concurrences arguing that sexual battery is a lesser included offense of child molestation). The charge should not be given upon retrial. See also *Perkins v. State*, 212 Ga. App. 225, 227 (441 SE2d 511) (1994); *Duck v. State*, 210 Ga. App. 205, 207-208 (4) (435 SE2d 725) (1993).

7. Flowers contends the State failed to prove that the crimes occurred within the applicable statutes of limitation, that the trial court entered a conviction despite this failure of proof, and that the trial court erroneously failed to charge on the applicable statutes of limitation. On retrial, it will be the State's burden to prove that the charged crimes occurred within the applicable limitation periods. If the evidence raises statute of limitation issues, the trial court should charge the applicable law regarding the appropriate limitation periods. See generally *Blankenship v. West Ga. Plumbing Supply*, 213 Ga. App. 275, 277 (444 SE2d 596) (1994): "It is the duty of the trial court to charge the jury on the law applicable to the issues where there is any evidence on which to predicate the instructions." (Citations and punctuation omitted.)

8. Flowers's contentions regarding effectiveness of counsel are moot in light of our holding in Division 2.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 20, 1996 —
RECONSIDERATION DENIED MARCH 26, 1996 — ▮▮▮▮▮▮

*Peters, Townsend, Wilson & Roberts, R. Stephen Roberts, J. M. Raffauf*, for appellant.

*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellee.